DONNELL,
*Petitioner,*

*v.*

EASTERN OREGON STATE COLLEGE,
*Respondent.*

(512; CA A21024)

668 P2d 423

F. E. Glenn, Boardman, for petition.

Christine L. Dickey, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Donnell v. Eastern Ore. State College,* 59 Or App 246, 650 P2d 1012 (1982), seeks an award of an attorney fee pursuant to the Oregon Administrative Procedures Act (APA) and ORS 182.090. We deny the petition.

When the case was originally before us, petitioner was seeking judicial review of an order of the Employment Relations Board (ERB). That order rejected in all respects petitioner's challenge to the abolition of his position at Eastern Oregon State College and the reassignment of certain duties formerly assigned to that position to various other job positions at the college.

The facts are thoroughly reviewed in our former opinion and will not be repeated here. It is sufficient to say that, while we rejected a number of petitioner's arguments, we did find in his favor on two points. First, we held that one of ERB's rulings concerning the reassignment of certain duties to the position of plant operations foreman (the position to which petitioner had been demoted) was not supported by an essential finding of fact. Second, we held, concerning another position, that ERB's finding to the effect that certain reassigned duties were outside the parameters of that position were directly at odds with its conclusion that the reassigned duties were within that classification. 59 Or App at 252-54.

In spite of the foregoing, we did not reverse the ERB but, rather, reversed *and remanded.* 59 Or App at 255. We did so because it appeared from the record before us that the two errors we found might prove to be more apparent that real, *i.e.,* the errors were somewhat "technical," and it did not appear especially likely that petitioner would prevail after remand.[1] The present petition for an attorney fee award followed.

Petitioner places his primary reliance on ORS 183.495:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its

---

[1] Our surmise in that regard was correct. ERB corrected its findings and once again ruled against petitioner. On judicial review, this court affirmed without opinion. *Donnell v. Eastern Ore. State College,* 64 Or App 70, 668 P2d 490 (1983).

discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

The statute is discretionary. Concerning our exercise of that discretion under circumstances like those present in this case, we have recently said:

"On the other hand, when an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, there is more room for exercise of discretion. * * * [I]f the erroneous findings are minor or seem unlikely to affect the eventual *outcome of the case on remand*, we shall rarely—if ever—award a fee." *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 567-68, 666 P2d 276 (1983). (Emphasis in original; citations and footnote omitted.)

This is not one of those hypothetical rare instances.

In the alternative, petitioner relies on ORS 182.090:

"(1)    In any civil judicial proceeding involving as adverse parties a state agency as defined in ORS 291.002 and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law.

"(2)    Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency.

"(3)    As used in this section, 'civil judicial proceeding' means any proceeding, other than a criminal proceeding as defined in ORS 131.005(7), conducted before a court of this state."

The statute is not applicable by its own terms. This case is not a "civil judicial proceeding." Rather, it is a judicial review under the APA. Any doubt on that score is erased by a brief examination of the legislative genesis of the statute.

ORS 182.090 was enacted in 1981. Or Laws 1981, ch 871. The statute was section 2 of that measure. Section 1 of the same Act became a part of the APA, ORS 183.497, and provides:

"(1)    Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and

expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2)    The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a)    Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b)    Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c)    A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3)    Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

It is obvious that section 2 of the 1981 Act was not intended to apply to cases like the one before us, in view of the clearly applicable language of subsection 1. ORS 182.090 has no application to judicial review of agency actions under the APA.[2]

Petition for attorney fee award denied.

---

[2] Treating petitioner's request as being made under ORS 183.497—section 1 of the 1981 Act—he fares no better. This was not a case of a decision made "without a reasonable basis in fact or in law." It was a case of a decision that contained some imprecision, but which was probably correctly decided. No award under ORS 183.497 is appropriate under such circumstances. *See, generally, Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416 (1983).