On petitioner's petition for attorney fees filed May 13 and on respondent's response to petition for attorney fees filed May 27, petition for attorney fee allowed August 31, reconsideration denied October 14, petition for review denied November 29, 1983 (296 Or 120)

The PONDEROSA INN, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(81-T-50; CA A23977)

668 P2d 1233

*See also* 63 Or App 183, 663 P2d 1291.

Gary M. Rae, Portland, for petition.

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *The Ponderosa Inn, Inc. v. Emp. Div.,* 63 Or App 183, 663 P2d 1291 (1983), seeks an award of an attorney fee pursuant to the Oregon Administrative Procedures Act (APA). We award a fee of $3,000.

On the merits of the case, petitioner achieved a reversal in part of an order that imposed an unemployment compensation tax deficiency assessment in connection with petitioner's employment of six country music ensembles, a person who painted the stripes on petitioner's parking lot, two painters, two carpet layers, a carpenter and a landscaper. We held that, as a matter of law, the Division's assessment was in error with respect to two of the musical groups, the person who painted the parking lot, one of the painters and both of the carpet layers. We affirmed the assessment as to four musical groups and three individuals.

■ Petitioner seeks an award of a fee pursuant to both ORS 183.495[1] and 183.497.[2] This court has recently had

---

[1] ORS 183.495 provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

[2] ORS 183.497 provides:

"(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

occasion to review thoroughly the scope and meaning of each. *See Van Gordon v. Oregon State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983) (ORS 183.495); *Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416 (1983) (ORS 184.497). The distinction between the two statutes, outside of certain questions as to their scope, lies in the authority they confer on this court: ORS 183.495 permits the award of a fee if, in the exercise of our discretion, we deem it appropriate; ORS 183.497 *requires* the award of a fee when the agency's action was "without a reasonable basis in fact or in law."

■■ Petitioner has requested an award under both statutes. The Division responds that petitioner was only partially successful and, therefore, no fee should be awarded. However, complete vindication is not required. All that is necessary to be entitled to an attorney fee under either statute—assuming other applicable statutory criteria have been met—is that petitioner obtain a reversal or reversal and remand of a significant portion of the challenged decision. *Van Gordon v. Oregon State Bd. of Dental Examiners, supra,* 63 Or App at 567, 568-69; *Johnson v. Employment Division, supra,* 64 Or App at 282-83. Petitioner's success here—reversal of nearly half of the assessment—meets that requirement.

■ The Division also argues, with particular reference to ORS 183.497, that its order did not lack a "reasonable" basis in law. We do not agree. The decisional law in this area is extensive, well-settled and clear enough for an agency's guidance. *See, e.g., Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965); *Republic Dev. Co., Inc. v. Emp. Div.,* 284 Or 431, 587 P2d 466 (1978); *The Carpet Mill v. Emp. Div.,* 56 Or App 552, 642 P2d 354 (1982). Nonetheless, the Division seems incapable of following it. Even after the proof was in, the Division seems not to have realized what the facts it found meant. We felt constrained to say, concerning one of the persons:

> "[The person who painted the parking lot] is clearly an independent contractor. We are at a loss to understand how the referee concluded otherwise * * *."

Much the same thing could be said, with only slightly less asperity, concerning most of the other errors in this case.

5. We find the Division's action in this case to have been arbitrary to a significant degree. We have no doubt that we are

required, under ORS 183.497, to award a fee, even though we could choose to make an award under ORS 183.495 which, as we have suggested elsewhere,[3] is adequate for the purpose. *See Van Gordon v. Oregon State Bd. of Dental Examiners, supra,* 63 Or App at 561.

Petitioner is awarded an attorney fee of $3,000.

---

[3] *See Johnson v. Employment Division, supra,* 64 Or App at 283-85.