Argued and submitted December 23, 1998, award of attorney fees vacated;
remanded in part; otherwise affirmed January 5, 2000

Peter KUSYK,
Kurt Dalbey, John G. Eckmann, Randy Lovre,
Barbara Lovre, Jack Harper, K. Thatcher Loen,
Claudia Rohr and Beacon Homes, Inc.,
an Oregon corporation,
*Respondents,*

*v.*

WATER RESOURCES DEPARTMENT
for the State of Oregon and
Water Resources Commission for
the State of Oregon,
*Appellants.*

(CCV-96-1-443; CA A100946)

994 P2d 798

John T. Bagg, Assistant Attorney General, argued the cause for appellants. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Laura A. Schroeder argued the cause for respondents. With her on the brief was Schroeder Law Offices.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

The Water Resources Department (department) appeals a judgment awarding attorney fees to petitioners under ORS 183.497. Petitioners requested review of the department's order in other than a contested case. The trial court granted petitioners' motion for summary judgment and remanded the matter to the department for a contested case hearing. The department first argues that the remand was not "in favor" of petitioners and second argues that the trial court erred in awarding attorney fees to petitioners under ORS 183.497(1)(a) or ORS 183.497(1)(b). While we disagree with the department's first argument, the record is inadequate for appellate review of whether petitioners were entitled to an award of attorney fees under ORS 183.497(1)(a), ORS 183.497(1)(b), or both. We, therefore, vacate the award and remand the matter to the trial court to make an adequate record that identifies the statutory basis for an award of fees and that is otherwise consistent with *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998). We otherwise affirm.

The department appeals only the award of attorney fees and does not contest the grant of summary judgment in petitioners' favor. Therefore, we recite only the relevant facts.

Petitioner filed an application to transfer two ground water right certificates pursuant to ORS 540.530.[1] Under that statute, a transfer of a water right is allowable only if the transfer will not result in injury to an existing water right. Notice of those proposed transfers was published, and the department received one protest from Norma Eid, who expressed her concern that the transfer might cause substantial interference with her existing rights. Under ORS 540.520(6), "whenever a timely protest is filed * * * the department shall hold a hearing on the matter" pursuant to contested case procedures. The department did not schedule a contested case hearing. Rather, it continued to study the effects of the transfer and acknowledged "that predicting interference between wells is very difficult. It is something

---

[1] ORS 540.530 authorizes the department to issue orders effecting a change in use, place of use, or point of diversion for an existing water right.

that requires actual use to demonstrate." The department's hydrogeologist undertook an exhaustive study and concluded that he could not make a further determination as to injury "short of having the well installed and the pumps turned on." The department found that:

> "No specific injury which may be caused by the approval of this transfer application has been identified. However, the potential for interference may exist. The potential for injury, if it should occur, may be eliminated by regulation of the interfering well. Therefore, the transfer application may be approved provided it contains a condition requiring the regulation of any well authorized by this transfer which causes interference with an existing well, existing at the time this transfer application is approved, appropriating water under an existing right, and that interference is a result of the approved change."

It added Condition 5 to address that concern:

> "If substantial or undue interference with an existing well used under an existing right, including existing exempt uses, occurs, and such interference can be shown to the satisfaction of the Department to result from the change in the way the water right is exercised as authorized herein, the use of water from the well authorized by this transfer causing the interference shall be regulated to mitigate the interference."

As a direct result of appending that condition, Eid withdrew her protest. The department informed petitioners of the new condition, petitioners did not object, and a final order was issued. Petitioners stipulated that the order was in other than a contested case.

Petitioners sought review of the order in other than contested case under ORS 183.484 in the circuit court. Petitioners and the department filed cross-motions for summary judgment. Petitioners alleged that the order had been issued unlawfully only because the condition impermissibly altered petitioners' priority in the subject water rights. They requested that the order be set aside, modified, or remanded to the department on that narrow basis. Petitioners also sought an award of reasonable attorney fees. The trial court granted petitioners' motion for summary judgment but based its judgment on a broader reason not asserted by petitioners.

The trial court remanded the matter, on the department's urging, to the department for the scheduling of a contested case hearing. In particular, the court orally found:

"It is my view, to probably the satisfaction of no one, that the purpose of the [department] is to make precisely the determination that they didn't make; that they're supposed to make [the finding that the transfer would result in no injury to existing water rights]. That they do that by having a contested case hearing. They don't do that by negotiating with all the parties and imposing a condition which effectively abrogates its responsibility for making a decision."

Thus, the trial court did not reach petitioners' arguments regarding condition five because it found more fundamental substantive and procedural problems with the order: (1) that condition five, itself, abrogated the department's statutory duty to make a "no impairment" finding; and (2) that that abrogation of duty was further compounded by the lack of a contested case hearing in which such a finding was supposed to be made. The court then awarded petitioners $7,625.25 in attorney fees and costs, approximately half of petitioners' request. The court did not explain its decision regarding the award of attorney fees.

On appeal, the department does not seek review of the merits; thus, we accept the court's oral findings. The department seeks review only of the trial court's award of attorney fees. ORS 183.497(1)(a) provides that on judicial review of a final order under ORS 183.484, the court "[m]ay, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner." Under subsection (1)(b), the court shall award attorney fees

"if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust." ORS 183.497(1)(b).

The department argues that the trial court's judgment was, as a matter of law, not a judgment "in favor" of

petitioners. The department also argues that the court abused its discretion in awarding fees under ORS 183.497(1)(a) and that a mandatory fee award under subsection (1)(b) is not supported by the record. Because the record does not permit adequate appellate review of the department's latter two arguments, we address only the department's first argument. We review whether the trial court's judgment was "in favor" of petitioners by ascertaining the legislature's intent in using that phrase. We ultimately conclude that the trial court's judgment was "in favor" of petitioners.

■        We turn first to *Johnson v. Employment Div.*, 64 Or App 276, 668 P2d 416, *rev den* 296 Or 120, 672 P2d 1193 (1983). There, we discussed the requirement in *former* ORS 183.497 that the case be decided "in favor" of a petitioner.[2] We held that requirement to mean that

> "the decision being reviewed was reversed, reversed and remanded or modified in some manner favorable to the petitioner. Something more is involved, however. We reverse and remand (or even reverse outright) a portion of an agency decision under the broadest possible range of circumstances. Sometimes the result is complete vindication of the petitioner. *See, e.g., Van Gordon v. Ore. State Bd. of Dental Examiners*, 52 Or App 749, 629 P2d 848 (1981). On the other hand, sometimes the result merely postpones petitioner's ultimate loss. *See, e.g., Donnell v. Eastern Ore. State College*, 59 Or App 246, 650 P2d 1012 (1982), *after remand affirmed without opinion* 64 Or App 70, 668 P2d 423 (1983). Between these two poles lies a range of other possibilities. We hold that, in order for a decision to qualify as being 'in favor of the petitioner' under ORS 183.497, it must be a more than *de minimus* victory: some significant portion of the order petitioner challenges must be altered or invalidated in a manner which is (or appears ultimately likely to be) to the petitioner's benefit." *Id.* at 282-83.

The department argues that petitioners' victory at the trial court was only temporary, and thus *de minimus,*

---

[2] In 1985, the legislature combined and altered the attorney fee provisions of *former* ORS 183.495 and *former* ORS 183.497 into the current version of ORS 183.497. Or Laws 1985, ch 757, §§ 5, 7. The relevant issue we examined in *Johnson,* however, interpreted language identical to the current version.

because, it argues, the victory was merely procedural and did not vindicate petitioners' claims on the merits. We have consistently held that "complete vindication is not required." *Ponderosa Inn, Inc. v. Employment Div.*, 64 Or App 443, 446, 668 P2d 1233, *rev den* 296 Or 120, 672 P2d 1193 (1983). We have also avoided characterizing what constitutes a vindication of someone's rights by merely labeling whether a judgment is a "procedural" or "substantive" victory.

In any event, this case concerns a judgment that is partly substantive and partly procedural. The record reveals that the trial court found that the department abdicated an unambiguous, nondiscretionary statutory duty to make a "no impairment finding" and violated a separate unambiguous, nondiscretionary statutory duty to conduct a contested case hearing whenever a protest is filed. Again, we do not comment on the correctness of those rulings but assess whether they are "in favor" of petitioners.

While this case is unusual, we think that it meets the threshold. There is no doubt that the victory is more than a mere technicality and that the agency will be required fundamentally to reassess its "no impairment" finding through the contested case procedure. *See Donnell v. Eastern Ore. State College*, 64 Or App 271, 274, 668 P2d 423, *rev den* 296 Or 120, 672 P2d 1193 (1983) (if agency mistakes are minor or seem unlikely to affect the eventual outcome of the matter on remand, then discretion counsels us to rarely award fees). However, that reassessment may ultimately work to the disadvantage of the petitioners' transfer request. The evidence, from apparently exhaustive studies, suggested that the department may not be able to determine definitively before the transfer, whether the transfer will impair existing ground water rights. The department, in a self-explained effort to accommodate the transfer and to protect against any actual impairment, added condition five as a practical solution to its dilemma. On remand in a contested case hearing, it is uncertain whether petitioners will be able to provide any additional information on this matter that would allow the department to make a pretransfer determination in petitioners' favor regarding the transfer request. Indeed, there are many possible outcomes from the contested case hearing that may be more or less beneficial to petitioners' transfer request.

The obvious aim of petitioners is to secure a transfer that does not affect the priority of their water rights. That is also required by the statute. ORS 540.530. Thus, securing a transfer without condition five would certainly be beneficial to petitioners; however, we cannot say that approving the transfer would necessarily be so, or that disapproving the transfer would necessarily be detrimental. Water rights priorities are important interests. It may be preferable to petitioners to retain the priority of their water rights rather than to effect the transfer of the water right; thus if the only way the department can make a no impairment finding is by, in fact, affecting petitioners' water right priorities, petitioners may then oppose the transfer. In that case, an order denying the transfer would be beneficial to petitioners. In fact, any order that complies with the statutory requirement that the transfer not affect petitioners' water right priorities is also beneficial to petitioners' concerns about the order.

In any event, the trial court's broad ruling invalidating the condition also vindicated petitioners' specific concern. Petitioners argued that the department, in making its no impairment finding, could not attach conditions that affected the priority of their water rights. The trial court ruled that the department could not attach those conditions because the department abrogated its duty to make a no impairment finding. Thus, the trial court invalided those conditions, and petitioners are assured that the department is unable to regulate water wells in the fashion that petitioners claim affect the priority of their water rights. In addition, in a contested case hearing to consider protests regarding the impairment of existing rights, petitioners can fully develop their concerns regarding the priority of their water rights with respect to any other conditions proposed by the department in making a no impairment finding.

■ Thus, we conclude that the necessary predicates are met for a verdict "in favor" of petitioners: (1) the fundamental, rather than merely technical, nature of the remand; (2) the vindication, in fact, of petitioners' substantive arguments regarding the condition and the benefit to petitioners of participation in the contested case hearing; (3) the likelihood that the eventual outcome regarding petitioners' concerns with the order will be beneficial, even if it may result in an order denying the transfer request; and (4) the broader

policy concerns of the agency's obvious abrogation of unambiguous, nondiscretionary statutory duties. Those factors demonstrate that the portion of the order that petitioner challenged has been invalidated, that the department is required to reassess that portion in a fundamental way, both substantively and procedurally, and that such reassessment will likely be beneficial to petitioners' concerns regarding the order.

Having held that the trial court's judgment met the threshold standard of "in favor" of petitioners, we must next consider whether the trial court's decision to award fees was proper in light of the considerations raised by the statutes and our case law. However, the record is inadequate for appellate review of whether, under the circumstances of this case, petitioners' procedural victory merits an award of attorney fees under ORS 183.497(1)(a), ORS 183.497(1)(b), or both. We cannot ascertain from the record on which statutory ground the trial court awarded fees nor the basis for making an award under that provision. We therefore vacate the award of attorney fees and remand the matter to the trial court to make an adequate record that identifies the statutory ground for an award of fees and that is otherwise consistent with *McCarthy*.[3]

Award of attorney fees vacated; remanded to make adequate record that identifies statutory ground for award of fees and that is otherwise consistent with *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998); otherwise affirmed.

---

[3] We note that *McCarthy* was decided after the trial court issued its decision in this case.