Argued and submitted May 31, vacated and remanded for reconsideration
July 10, 2002

KAIB'S ROVING R.Ph. AGENCY, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

96-T-0123A; A110993

50 P3d 1193

Harvey J. Shulman, *pro hac vice*, argued the cause for petitioner. With him on the briefs were Craig A. Etter, and Greenberg Traurig, LLP.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Kelly W.G. Clark and Ross Day and O'Donnell & Clark, LLP filed the brief *amici curiae* for Federation of Independent Business/Oregon and the Oregon State Pharmacists' Association.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Tiktin, Judge pro tempore.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner seeks judicial review of a final order that the Director (the Director) of respondent Employment Department (the Department) issued on remand from our previous decision in this case. *Kaib's Roving R.Ph. Agency v. Employment Dept.*, 161 Or App 290, 984 P2d 886 (1999). Petitioner raises a number of procedural and substantive issues concerning that order that, in essence, assert its due process right to a fair hearing before an impartial tribunal. However, we resolve petitioner's arguments on a statutory basis. We conclude that only a hearing officer,[1] not the Director, has the authority to act for the Department in this regard. We therefore vacate the final order that the Director issued and again remand for reconsideration under the terms of our original decision by a hearing officer who was not involved in the previous remand.

Petitioner provides relief pharmacists to pharmacies in the state. It believes that the pharmacists whom it provides are independent contractors for purposes of the Employment Department Law, while the Department believes that they are employees for whom petitioner must pay unemployment tax. On March 4, 1996, the Department issued a Notice of Tax Assessment to petitioner pursuant to ORS 657.681, in which it assessed unemployment taxes and interest. Petitioner requested a hearing, and the hearing officer upheld the assessment. Petitioner then sought judicial review, and we reversed and remanded the hearing officer's order on the ground that the Department had not adequately considered the effect of a previous decision of the Department of Revenue that held that the pharmacists were not employees. We held that, because ORS 670.600 requires both departments to follow the same statutory criteria in determining independent contractor status, the Department had to consider the earlier decision. *Kaib's Roving R.Ph. Agency*, 161 Or App at 298.

---

[1] Petitioner incorrectly refers to persons who conduct hearings under ORS chapter 657 as "Administrative Law Judges." *See Tew v. DMV*, 179 Or App 443, 445 n 1, 40 P3d 551 (2002).

The decisive issue in this petition for judicial review is whether the Director, rather than a hearing officer, had the authority to act for the Department on remand. By her action, the Director indicated her belief that she had that authority. She signed the final order affirming the assessment that is presently before us; the Department's chief hearing officer, in collaboration with other departmental employees and the Department's legal counsel, prepared that final order for the Director's signature. Although in most circumstances the head of an agency is the appropriate person to act for the agency in deciding a contested case, that is not the situation with a final order in an unemployment tax assessment proceeding. Under the laws governing assessments of unemployment tax, the Director is a party to the case and the hearing officer issues the final order. The following explains the reasoning that leads us to our conclusion and the necessity for a second remand of this case.

The finality of a hearing officer's decision on challenges to unemployment tax assessments contrasts with the provisional nature of a hearing officer's decision in most administrative contested cases.[2] In contested cases under the Administrative Procedures Act (APA), ORS chapter 183, the hearing officer usually issues a proposed decision that is merely a preliminary step to the final agency action. Parties who are adversely affected then have the opportunity to file exceptions to the proposed order and to present arguments to those who make the final decision for the agency. ORS 183.460. The final order in the case is the decision of the head of the agency, who is free to adopt all, part, or none of the hearing officer's proposed order.[3] The agency is not a party to the case, and the APA does not provide for the agency to seek

_____

[2] This case began before the operative date of Oregon Laws 1999, chapter 849, which established a Hearing Officer Panel pilot project. It was not conducted under that statute. Our description of the procedures under the APA does not necessarily apply in all respects to hearings conducted in accordance with chapter 849.

[3] In some circumstances, a hearing officer's proposed order may become the agency's final order if the agency does not act within a certain time. *See* ORS 183.464. That possibility does not affect the agency's ultimate control over the decision. In addition, if a majority of the ultimate agency decision-makers actually hear the case or consider the record, there is no need for a proposed order. *See* ORS 183.460. In that case, the hearing will normally be before the agency decision-makers, not a hearing officer.

judicial review of the final order. Indeed, there is no reason why it would want review of its own action. *See* ORS 183.480(1) (permitting a person adversely affected or aggrieved by an order or any party to an agency proceeding to seek judicial review of a final order). In that context, the agency functions as an inferior tribunal for purposes of judicial review, much as a trial court functions for purposes of appeal.

The procedures for an administrative hearing on a notice of assessment issued under ORS 657.681 are significantly different.[4] The head of the agency, the Director, has no authority to make a decision after the hearing. Rather, the hearing officer enters findings of fact and a decision that either affirms, modifies, or sets aside the assessment. ORS 657.683(4).[5] That decision is not a proposed order with the opportunity to raise exceptions and argument before the Director issues a final order. Instead, the statute provides that the decision is final when it is mailed to the Director and the employing unit, subject to the hearing officer's authority, on the hearing officer's own motion, to issue an amended decision. ORS 657.683(5). The statute treats the Director as one of the parties to the proceeding, not as the ultimate decision-maker. ORS 657.684[6] makes that point absolutely clear

---

[4] Most of the contested case provisions of the APA, other than those for review of a final order, do not apply to the Department. ORS 183.315(3) provides:

"The provisions of ORS 183.410, ORS 183.415, ORS 183.425, ORS 183.440, ORS 183.450, ORS 183.452, ORS 183.458 and ORS 183.460 do not apply to the Employment Appeals Board or the Employment Department."

[5] ORS 657.683(4) provides:

"All testimony at any hearing held under ORS 657.679 and 657.681 shall be recorded but need not be transcribed unless a petition for judicial review from the decision of the hearing officer is filed in the manner and within the time prescribed. At any hearing held as provided in ORS 657.679 and 657.681 the determination or assessment of the director or authorized representative shall be prima facie correct and the burden shall be upon the protesting employing unit to prove that it is incorrect. Thereafter the hearing officer shall enter the findings of fact and decision, either affirming, modifying, or setting aside the determination or assessment of the director or authorized representative and in the case of an assessment, the hearing officer may increase or decrease the amount of the assessment. The employing unit and the director shall be promptly notified of the decision of the hearing officer."

[6] ORS 657.684 provides:

"Judicial review of decisions under ORS 657.683 shall be as provided for review of orders in contested cases in ORS 183.310 to ORS 183.550, except that the petition shall be filed within 20 days after the order is final. The Director of

when it provides that *either* the employing unit *or* the Director may seek judicial review of the hearing officer's decision. The Director's only recourse if he or she disagrees with the hearing officer's decision is to bring that disagreement before this court, just as any other party may.

For the purposes of this case, thus, the essential distinctions between a contested case that is entirely governed by the APA and a proceeding under ORS 657.683 are that ORS 657.683 establishes a one-step rather than two-step decision-making process and the Director is a party, not a decision-maker. Under the latter statutory scheme, the person who acts for the Department, and thus who makes the "agency" decision that we review, is the hearing officer, not the Director. *See McPherson v. Employment Division*, 285 Or 541, 546-47, 591 P2d 1381 (1979) (identifying the "agency" in case involving claim for unemployment compensation). Nothing in the statute changes the respective roles of the hearing officer and the Director after a judicial remand of the hearing officer's original order. Thus, on remand the Department should again have acted through a hearing officer, not through the Director.

In our previous opinion we held that "the Employment Department must reconsider the evidence offered by Kaib's regarding the Department of Revenue's prior determination" and therefore remanded the case for reconsideration. *Kaib's Roving R.Ph. Agency*, 161 Or App at 298. We did not discuss how the Department should conduct the reconsideration or what part of it would be the "agency" that would enter the final order on remand. In preparing and entering the final order that is presently before us, the Department apparently acted under the assumption that the Director had the authority to enter the final order. As we have discussed, that assumption was incorrect. The statute gives the hearing officer full authority to issue a final order and relegates the Director to the status of a party who may seek judicial review

the Employment Department may file petition for judicial review in accordance with this section from decision of the hearing officer. When judicial review is upon an assessment or assessments made pursuant to ORS 657.681 and the court determines the assessment or assessments are valid, judgment shall be given in favor of the director for the amount due as determined by the court."

of that final order. Although we did not expressly direct our remand to a hearing officer, that was the necessary consequence of our decision because, under ORS 657.683, only a hearing officer may act for the Department in this kind of case. The statute provides no role for the Director in developing the final order, either originally or on remand. Thus, the Department did not properly enter the order that is the subject of this petition for judicial review. We therefore vacate that order and remand the case for reconsideration and for the issuance of a final order on remand, in accordance with our previous opinion, by a hearing officer who was not involved in the preparation of the order presently before us.[7]

Vacated and remanded for reconsideration.

---

[7] The hearing officer, of course, has the discretion to accept additional evidence or argument that may assist in the reconsideration.