Submitted on petitioner's petition for award of attorney fees and costs filed January 8; respondent's memorandum in opposition to petition for award of attorney fees and costs filed April 7; and petitioner's reply in support of petition for award of attorney fees and costs and request for findings under ORAP 13.10(7) filed May 15, petition for attorney fees and costs denied October 8, 2003

KAIB'S ROVING R.PH. AGENCY, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

96-T-0123A; A110993

77 P3d 327

Craig A. Etter, McLean, Virginia, Harvey J. Shulman, Washington, D.C., and Greenberg Traurig, LLP, and James E. Mountain, Jr., and Harrang Long Gary Rudnick, P.C., for petitions.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, *contra*.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

BREWER, P. J.

Wollheim, J., dissenting.

**BREWER, P. J.**

In this proceeding for judicial review of an Employment Department (department) order affirming an unemployment tax assessment, petitioner seeks an award of attorney fees and costs under ORS 183.497(1)(a) and (b). We deny that request.

This is petitioner's second petition for judicial review of a department order determining that pharmacists who contract with petitioner are employees for whom petitioner must pay unemployment tax. We take part of the procedural history of the case from our opinion on the merits of the second petition for judicial review:

> "Petitioner provides relief pharmacists to pharmacies in the state. It believes that the pharmacists whom it provides are independent contractors for purposes of the Employment Department Law, while the Department believes that they are employees for whom petitioner must pay unemployment tax. On March 4, 1996, the Department issued a Notice of Tax Assessment to petitioner pursuant to ORS 657.681, in which it assessed unemployment taxes and interest. Petitioner requested a hearing, and the hearing officer upheld the assessment. Petitioner then sought judicial review, and we reversed and remanded the hearing officer's order on the ground that the Department had not adequately considered the effect of a previous decision of the Department of Revenue that held that the pharmacists were not employees. We held that, because ORS 670.600 requires both departments to follow the same statutory criteria in determining independent contractor status, the Department had to consider the earlier decision. *Kaib's Roving R.Ph. Agency* [*v. Employment Dept.*], 161 Or App [290, 298, 984 P2d 886 (1999) *(Kaib's I)*]."

*Kaib's Roving R.Ph. Agency v. Employment Dept.*, 182 Or App 481, 483, 50 P3d 1193 (2002) *(Kaib's II)*.

Without holding another hearing on remand, the hearing officer issued an order affirming the tax assessment. Petitioner then sought records of any *ex parte* communications between department personnel and the hearing officer concerning the case. The department produced most of the

requested documents. Ultimately, the director of the department—not the hearing officer—issued a final order affirming the assessment and denying that any improper *ex parte* contact or due process violation had occurred.

Petitioner again sought judicial review of the final order. It asserted three assignments of error: (1) the department violated petitioner's due process right to a hearing before an impartial tribunal; (2) the department had failed adequately to justify having reached a decision that was inconsistent with Department of Revenue's conclusion that the pharmacists were independent contractors; and (3) the pharmacists were properly classified as independent contractors under ORS 670.600. We vacated the final order and remanded the case to the department for reconsideration. We stated:

> "The decisive issue in this petition for judicial review is whether the Director, rather than a hearing officer, had the authority to act for the Department on remand. By her action, the Director indicated her belief that she had that authority. She signed the final order affirming the assessment that is presently before us; the Department's chief hearing officer, in collaboration with other departmental employees and the Department's legal counsel, prepared that final order for the Director's signature. Although in most circumstances the head of an agency is the appropriate person to act for the agency in deciding a contested case, that is not the situation with a final order in an unemployment tax assessment proceeding. Under the laws governing assessments of unemployment tax, the Director is a party to the case and the hearing officer issues the final order."

*Kaib's II*, 182 Or App at 484. We held that

> "[t]he head of the agency, the Director, has no authority to make a decision after the hearing. Rather, the hearing officer enters findings of fact and a decision that either affirms, modifies, or sets aside the assessment. ORS 657.683(4). That decision is not a proposed order with the opportunity to raise exceptions and argument before the Director issues a final order. Instead, the statute provides that the decision is final when it is mailed to the Director and the employing unit, subject to the hearing officer's authority, on the hearing officer's own motion, to issue an amended decision. ORS 657.683(5). The statute treats the Director as one of the

parties to the proceeding, not as the ultimate decision-maker. ORS 657.684 makes that point absolutely clear when it provides that *either* the employing unit *or* the Director may seek judicial review of the hearing officer's decision. The Director's only recourse if he or she disagrees with the hearing officer's decision is to bring that disagreement before this court, just as any other party may.

"For the purposes of this case, thus, the essential distinctions between a contested case that is entirely governed by the [Administrative Procedures Act] and a proceeding under ORS 657.683 are that ORS 657.683 establishes a one-step rather than two-step decision-making process and the Director is a party, not a decision-maker. Under the latter statutory scheme, the person who acts for the Department, and thus who makes the 'agency' decision that we review, is the hearing officer, not the Director. *See McPherson v. Employment Division*, 285 Or 541, 546-47, 591 P2d 1381 (1979) (identifying the 'agency' in case involving claim for unemployment compensation). Nothing in the statute changes the respective roles of the hearing officer and the Director after a judicial remand of the hearing officer's original order. Thus, on remand the Department should again have acted through a hearing officer, not through the Director."

*Kaib's II*, 182 Or App at 485-86 (emphasis in original; footnotes omitted). We concluded:

"In [*Kaib's I*,] we held that 'the Employment Department must reconsider the evidence offered by Kaib's regarding the Department of Revenue's prior determination' and therefore remanded the case for reconsideration. [*Kaib's I*], 161 Or App at 298. We did not discuss how the Department should conduct the reconsideration or what part of it would be the 'agency' that would enter the final order on remand. In preparing and entering the final order that is presently before us, the Department apparently acted under the assumption that the Director had the authority to enter the final order. As we have discussed, that assumption was incorrect. The statute gives the hearing officer full authority to issue a final order and relegates the Director to the status of a party who may seek judicial review of that final order. Although we did not expressly direct our remand to a hearing officer, that was the necessary consequence of our decision because, under ORS 657.683, only a hearing officer may act for the Department

in this kind of case. The statute provides no role for the Director in developing the final order, either originally or on remand. Thus, the Department did not properly enter the order that is the subject of this petition for judicial review. We therefore vacate that order and remand the case for reconsideration and for the issuance of a final order on remand, in accordance with our previous opinion, by a hearing officer who was not involved in the preparation of the order presently before us."

*Kaib's II*, 182 Or App at 486-87.

Having succeeded in obtaining vacation of the final order, petitioner now argues that it is entitled to attorney fees under ORS 183.497, which provides, in part:

"(1) In a judicial proceeding designated under subsection (2) of this section the court:

"(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

"(b) Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust."

This is a proceeding for judicial review of a final order and, thus, it is one of the kinds of judicial proceedings to which ORS 183.497 applies.[1] Paragraphs (1)(a) and (b) of that

---

[1] ORS 183.497(2) provides:

"The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400."

statute both require that the court find in "favor" of the petitioner in order to justify an award of attorney fees. In addition, paragraph (1)(b) mandates an award of attorney fees if the court determines that the agency "acted without a reasonable basis in fact or law."[2] Paragraph (1)(a), on the other hand, contains no such explicit requirement. Instead, it appears to accord broad discretion to a court in deciding whether to award attorney fees to a petitioner in whose favor the court has found. However, as we explain below, under the circumstances here the applicable criteria for making a discretionary award under paragraph (1)(a) are comparable to the "no 'reasonable basis in fact or law' " standard governing mandatory awards.

Petitioner asserts that it is entitled to a mandatory award of attorney fees under paragraph (1)(b) and that, if we find that it is not entitled to such an award, it is entitled to a discretionary award under paragraph (1)(a). The department objects to petitioner's request on the grounds that (1) this court has not found in petitioner's favor on the merits, and (2) the department's decision had a reasonable basis in fact and law. We consider those objections in order.

■■ To satisfy the requirement that the court find "in favor" of the petitioner, the petitioner must have prevailed on the merits, that is, a significant portion of the challenged order must be altered or invalidated in a manner that appears ultimately likely to be of benefit to the petitioner. *Johnson v. Employment Division*, 64 Or App 276, 282-83, 668 P2d 416, *rev den*, 296 Or 120 (1983). The department argues that petitioner has obtained only a *de minimis* victory that may not ultimately result in a favorable outcome and, therefore, we did not find in petitioner's favor in *Kaib's II*. *See Kusyk v. Water Resources Dept.*, 164 Or App 738, 743, 994 P2d 798 (2000) ("[I]n order for a decision to qualify as being 'in favor of the petitioner' under ORS 183.497, it must be a more than *de minim[i]s* victory.") (quoting *Johnson*, 64 Or App at 282-83). Here, however, petitioner obtained more

---

[2] The department does not rely on the last clause of ORS 183.497(1)(b) (court may withhold all or part of an award of attorney fees under specified circumstances), and we therefore do not address its meaning and application in this opinion.

than a *de minimis* victory: as a result of our decision in *Kaib's II*, a new decision-maker will reassess the case. *See Donnell v. Eastern Ore. State College*, 64 Or App 271, 274, 668 P2d 423, *rev den*, 296 Or 120 (1983) (holding that a judicial decision favors a petitioner if on remand the agency will be required fundamentally to reassess its determination). That is sufficient to satisfy the first statutory requirement. Accordingly, we turn to the department's second objection.

In *Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or App 561, 666 P2d 276 (1983), we set out a method for determining the circumstances under which we would normally exercise our discretion to award attorney fees under *former* ORS 183.495 (1975), the predecessor to ORS 183.497(1)(a).[3] We stated that the two purposes of the statute are that "fee awards ought to serve as deterrents to groundless or arbitrary agency action," *Van Gordon*, 63 Or App at 565-66, and that "the statute should operate to redress individuals who have borne unfair financial burdens defending against groundless charges or otherwise attempting to right mistakes that agencies should never have committed." *Id.* at 566. We categorized several types of agency errors that ordinarily would justify the imposition of a discretionary attorney fee award. In doing so, we adopted, for all practical purposes, the no "reasonable basis in law or fact" standard applicable to mandatory awards under ORS 183.497(1)(b). *Van Gordon*, 63 Or App at 567-71; *see also Johnson*, 64 Or App at 284.[4]

ORS 20.075, enacted in 1995, now prescribes criteria for discretionary decisions whether to award attorney fees.[5]

---

[3] The 1975 version of ORS 183.495 was repealed in 1985 and substantively reenacted in the same year as ORS 183.497(1)(a). Or Laws 1985, ch 757, §§ 5, 7.

[4] In *Johnson*, we stated that the adoption of that standard for discretionary awards "probably makes [ORS 183.497(1)(b)] superfluous." 64 Or App at 284. Contrary to the dissent's assumption, we need not and do not decide whether that statement is correct. 189 Or App at 592 (Wollheim, J., dissenting). We note it only because it is consistent with the conclusion we reach below that, as applied here, there is no meaningful difference between the standards for mandatory and discretionary attorney fee awards.

[5] ORS 20.075 provides, in part:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

Many of those criteria, though—for example "the objective reasonableness of the claims and defenses asserted by the parties," ORS 20.075(1)(b)—are captured in the standards that this court adopted in *Van Gordon*. In fact, each of the statutory factors on which petitioner relies in this case is subsumed in the principles announced in *Van Gordon*.[6] Accordingly, we do not distinguish, for purposes of our analysis, between petitioner's alternative claims that it is entitled to awards under both ORS 183.497(1)(a) and (b).

■     Petitioner argues that our holding in *Kaib's II* established that the department's order lacked a reasonable basis in fact or law. It relies on our holding that

> "[t]he statute treats the Director as one of the parties to the proceeding, not as the ultimate decision-maker. ORS 657.684 makes that point absolutely clear when it provides that *either* the employing unit *or* the Director may seek judicial review of the hearing officer's decision."

*Kaib's II*, 182 Or App at 485-86 (emphasis in original; footnote omitted). According to petitioner, the department erroneously interpreted unambiguous governing statutes, ORS 657.683 and ORS 657.684, by failing to recognize its party status and permitting the director, rather than the hearing

---

"(a)  The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b)  The objective reasonableness of the claims and defenses asserted by the parties.

"(c)  The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d)  The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e)  The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)  The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)  The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h)  Such other factors as the court may consider appropriate under the circumstances of the case."

[6] Petitioner relies on ORS 20.075(1)(a) through (h). We conclude that subsections (g) and (h) are not implicated in this case. The remaining factors are comfortably accommodated by the *Van Gordon* standards.

officer, to sign the final order. It relies on our observation in *Van Gordon* that

> "[w]here * * * an agency has erroneously interpreted an unambiguous statute, or has given an ambiguous statute a meaning that has no basis in the statute's language, its legislative history, its purposes or its context in a statutory scheme, a fee award may well be warranted. Agencies should be encouraged to look carefully at the laws they administer before applying those laws to the public, and victims of an agency's patently unreasonable interpretation should not have to pay for their efforts to right the agency's wrong."

63 Or App at 568-69.

There are two difficulties with petitioner's position. First and foremost, the statutes on which we relied in *Kaib's II*, ORS 657.683 and ORS 657.684, were referred to only in passing by petitioner in its briefs on review. Petitioner did not rely on those statutes for any substantive proposition, nor did it contend that the director was not entitled to sign the final order. Rather, petitioner's due process arguments were constitutionally based. It asserted that "the [department] violated Kaib's Fourteenth Amendment Due Process rights by relying on information outside the administrative record and failing to provide a fair trial before an impartial adjudicator."[7] We did not reach that argument. Instead, we decided the case on a nonconstitutional ground that petitioner had not raised. *See Fister v. South Hills Health Care*, 149 Or App 214, 217-18, 942 P2d 833 (1997), *rev den*, 326 Or 389 (1998) (holding that courts will refrain from deciding constitutional issues if there is an adequate statutory basis for a decision, "even when the parties have not raised the nonconstitutional issue on which the court ultimately bases its decision").

■ In deciding whether to award attorney fees against an agency that has erroneously *construed* a controlling statute, "the correct approach is to consider not only the meaning

---

[7] Petitioner asserts that it did make "statutory" due process arguments in its briefs on review in *Kaib's II*. It is true that petitioner referred to several statutes in its briefs. However, it did not rely on ORS 657.684, nor did it make any argument concerning what we described as the dispositive issue on review, namely, "whether the Director, rather than a hearing officer, had the authority to act for the Department on remand." *Kaib's II*, 182 Or App at 484.

of the statute, as determined by the court, but also all the surrounding circumstances that help to explain whether the department's erroneous statutory construction was the result of a reasonable mistake." *Preble v. Dept. of Rev.*, 331 Or 599, 603, 19 P3d 335 (2001). Here, the department did not erroneously construe the statutes in question; rather, it failed to *discern* their applicability to the case at hand. But, as in the case of an agency's erroneous construction of a statute, the question whether the department reasonably failed to discern and apply those statutes requires consideration of all the surrounding circumstances. In that regard, ORS 657.683 and ORS 657.684 had not previously been construed by an appellate court and, accordingly, their applicability to the present circumstances had not been judicially determined. Moreover, as discussed, petitioner did not raise those statutes before the department or this court. The department was not required, in order to act reasonably, to surmise their applicability to petitioner's case on its own initiative and, thus, reassess its position based on a ground that petitioner failed to assert.

Second, and relatedly, we acknowledged in *Kaib's II* that, in remanding the case for reconsideration in *Kaib's I*, we

"did not discuss how the Department should conduct the reconsideration or what part of it would be the 'agency' that would enter the final order on remand. In preparing and entering the final order that is presently before us, the Department apparently acted under the assumption that the Director had the authority to enter the final order. As we have discussed, that assumption was incorrect."

*Kaib's II*, 182 Or App at 486. However, it was not wholly unreasonable. As noted in *Kaib's II*, "[t]he finality of a hearing officer's decision on challenges to unemployment tax assessments contrasts with the provisional nature of a hearing officer's decision in most administrative contested cases." *Id.* at 484. The department was wrong, but because it was not given an opportunity to opine as to the proper construction of ORS 657.683 and ORS 657.684, we cannot say that it interpreted those statutes in an unreasonable manner and, for that reason, should be required to pay petitioner's attorney fees.

The dissent disagrees. It concludes that we should make a discretionary attorney fee award to petitioner under ORS 183.497(1)(a) because "the department was either unfamiliar with or ignored its governing statutes." 189 Or App at 594 (Wollheim, J., dissenting).

With respect, that reasoning misapplies the governing standard. We agree with the abstract proposition that an agency should be conversant with the area of law that it administers. But, even though we held in *Kaib's II* that the meaning of ORS 657.683 and ORS 657.684 is clear, the rule of reasonableness must be tolerant where, as here, no court previously had construed those statutes and their applicability to the present circumstances had not been brought to the department's attention until this court did so. This court has not determined that the department asserted unreasonable positions on the issues that the parties actually have controverted; instead, that controversy has required a significant amount of *independent* effort by this court to resolve. *See Leo v. Keisling*, 329 Or 273, 279-82, 986 P2d 562 (1999) (declining to exercise equitable authority to allow fees where briefing focused exclusively on a constitutional issue that the court did not address); *McKean-Coffman v. Employment Div.*, 314 Or 645, 649, 842 P2d 380 (1992) (holding that an award of attorney fees under ORS 183.497(1)(b) is inappropriate where, among other factors, the underlying controversy required a significant amount of independent effort by the court to resolve). Under the circumstances, petitioner is not entitled to an award of attorney fees.

Petition for attorney fees and costs denied.

**WOLLHEIM, J.,** dissenting.

The majority concludes that petitioner is entitled to neither mandatory nor discretionary attorney fees under ORS 183.497. I respectfully dissent.

A partial recapitulation of the facts is instructive. The first time these parties came before us, petitioner was seeking review of a notice of tax assessment issued by the Employment Department (department). We held that the department had incorrectly ignored the ruling of another agency, which the department was required to consider

under ORS 670.600 and ORS 670.605.[1] *Kaib's Roving R.Ph. Agency v. Employment Dept.*, 161 Or App 290, 984 P2d 886 (1999) (*Kaib's I*). On remand, the hearing officer issued an order affirming the department's original tax assessment. Suspecting *ex parte* contact between the director and the hearing officer, petitioner sought records of such contact, which the department produced. It was at this point that the director, who until this time had not issued any of the orders in this case, issued a final order that affirmed the tax assessment and denied the existence of any *ex parte* contact. The director lacked legal authority to issue that final order.

As we said in *Kaib's Roving R.Ph. Agency v. Employment Dept.*, 182 Or App 481, 50 P3d 1193 (2002) (*Kaib's II*), ORS 657.684 prohibits the director from signing the final order because "the director is a party, not a decision-maker." *Id.* at 486. State agencies are expected to know the law, just like citizens. Ignorance of the law is no excuse. This is especially the situation with state agencies, which are assumed to have subject-matter expertise. Furthermore, an agency "possesses only those powers that the legislature grants and that it cannot exercise authority that it does not possess." *Gaynor v. Board of Parole*, 165 Or App 609, 612, 996 P2d 1020 (2000). As we said in *Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or App 561, 568-69, 666 P2d 276 (1983), "[a]gencies should be encouraged to look carefully at the laws they administer before applying those laws to the public, and victims of an agency's patently unreasonable interpretation should not have to pay for their efforts to right the agency's wrong." It is simply not acceptable for a state agency to defend its failure to comply with state law by arguing that it was unaware of ORS 657.684. The basic point is clear and unambiguous: the agency did not follow ORS 657.684 and, as a result, petitioner was required to seek judicial review to reverse the director's illegal order. There never was a reasonable basis in law for the director's order.

---

[1] ORS 670.600 defines the standards to be used in determining whether a person or entity is an "independent contractor." ORS 670.605 provides that, "[i]n accordance with ORS 183.310 to 183.550, those agencies responsible for the administration of ORS 671.510 to 671.710 and ORS chapters 316, 656, 657 and 701 jointly shall adopt rules to carry out the provisions of ORS 670.600."

ORS 183.497 provides, in part:

"(1) In a judicial proceeding designated under subsection (2) of this section the court:

"(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

"(b) Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law[.]"

The majority states that, in *Van Gordon* this court adopted "for all practical purposes, the no 'reasonable basis in law or fact' standard" for mandatory awards under ORS 183.497(1)(b). 189 Or App at 586. For that reason, the majority concludes that, "as applied here, there is no meaningful difference between the standards for mandatory and discretionary attorney fee awards. 189 Or App at 586 n 4. That methodology of statutory analysis is not appropriate.[2] In *White v. Employment Div.*, 77 Or App 35, 711 P2d 196 (1985), a case decided after *Johnson*, we considered the mandatory and discretionary provisions separately. We stated that, "[b]ecause an award under ORS 183.495 is discretionary, we first consider ORS 183.497, which makes attorney fees mandatory in cases fitting within its terms."[3] *White*, 77 Or App at 38. We did not treat the mandatory language as superfluous, and we should not do so in this case.

---

[2] Under ORS 174.010, when construing a statute, "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." To the extent that *Van Gordon* did otherwise, it was wrong, and we should no longer follow it. Additionally, when the legislature uses different language, *e.g.*, "may" and "shall," we presume that [it] intended different meanings. *State v. Guzek*, 322 Or 245, 265, 906 P2d 272 (1995). Also, we presume that the legislature did not intend to enact a meaningless or superfluous statute. *FOPPO v. Washington County*, 142 Or App 252, 259, 920 P2d 1141, *rev den*, 324 Or 394 (1996).

Finally, I note both that *Van Gordon* was decided before *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993), and did not use the interpretive analysis set forth in that case. However, the parties do not challenge either case based on *PGE*.

[3] In 1985, the legislature repealed *former* ORS 183.495, the discretionary provision. *Former* ORS 183.495, *repealed by* Or Laws 1985, ch 757, § 7. The same year, the legislature amended ORS 183.497, the mandatory provision, by substantively reenacting the discretionary provision as ORS 183.497(1)(a), and, retaining the mandatory provision as ORS 183.497(1)(b). Or Laws 1985, ch 757, § 5.

Even under the majority's treatment of the mandatory provision of ORS 183.497, we should still award petitioner attorney fees under the discretionary provision of ORS 183.497. The majority relies on *Van Gordon*. In that case, we stated:

> "[W]hen we reverse or remand a final order because an agency has interpreted a statute in an unreasonable manner, we shall, as a general rule, award an attorney fee to a prevailing petitioner at least when it appears that the corrected view of the statute obtained by the petitioner may have a significant impact on the outcome of the case."

*Van Gordon*, 63 Or App at 569. *Van Gordon* also stated the purposes of the discretionary statute:

> "First, fee awards ought to serve as deterrents to groundless or arbitrary agency action. Second, the statute should operate to redress individuals who have borne unfair financial burdens defending against groundless charges or *otherwise attempting to right mistakes that agencies should never have committed*."

*Id*. at 565-66 (emphasis added).

In *Kaib's II*, we held:

> "The statute treats the Director as one of the parties to the proceeding, not as the ultimate decision-maker. ORS 657.684 makes this point *absolutely clear* when it provides that either the employing unit or the Director may seek judicial review of the hearing officer's decision."

182 Or App at 485-86 (emphasis added; footnote omitted). By allowing the director to sign the final order, the department erroneously interpreted an absolutely clear and unambiguous statute and made a mistake that it never should have committed.

Though the department may have acted under a misguided belief, that belief was not reasonable because an "agency must comply with the statutes that govern it and follow its own rules." *Smith v. Veterinary Medical Examining Board*, 175 Or App 319, 327, 27 P3d 1081, *rev den*, 332 Or 632 (2001). Logically, in order to follow that requirement an agency would have to know what those statutes and rules provide.

The reason these parties have been before us on two occasions is that the department was either unfamiliar with or ignored its governing statutes. Either is unreasonable and unacceptable.

I respectfully dissent.