Argued and submitted May 19, reversed June 30, 1980

EMPLOYMENT DIVISION, et al,
*Petitioner,*
*FOX,*
*Claimant,*
*v.*
YAMHILL COUNTY,
*Respondent.*

(No. 79-AB-1056, CA 16364)

613 P2d 493

Douglas F. Foley, Certified Law Student, Salem, argued the cause for petitioner. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Daryl S. Garrettson, Yamhill County Counsel, McMinnville, argued the cause for respondent. With him on the brief was David C. Jory, Assistant County Counsel, McMinnville.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The Employment Division (Division) seeks judicial review of a decision of the Employment Appeals Board (Board) which held that claimant Shirley E. Fox (claimant) was disqualified from receiving unemployment compensation benefits by virtue of the fact that she had elected to take her accrued retirement benefits in a lump sum at the time she left work with the respondent County. We reverse.

We borrow extensively from the brief of the Division. At issue is the Board's interpretation of subsection (1), (b), (A) of ORS 657.205, the unemployment compensation benefits disqualification section, which is set out *infra.* The Board entered the following findings of fact:

"(1) The claimant quit her job with the above employer [Yamhill County] on May 18, 1979, after approximately 7 years' service. (2) During the last three years of her employment, the claimant had been making a 4% retirement contribution from her income and the County had been contributing a corresponding amount. (3) The claimant is 44 years of age and when she left work on May 18, she requested a lump sum withdrawal of her retirement fund. (4) She also had the option of leaving her retirement contributions in the employer's retirement fund to receive periodic payments at age 60. (5) At the time the claimant left, the claimant and the employer misunderstood how much money was available to the claimant. (6) It was subsequently discovered that 70% of the employer's contributions had vested due to the length of the claimant's employment. (7) She ultimately received $1,908.20. (8) $719.61 of this amount was the employer's contribution and the balance was the claimant's contribution. (8) The claimant, had she left the money in the employer's retirement fund, would not have been eligible for periodic payments until reaching the age of 60. (9) The Employment Division Benefit Manual provides 'If the claimant is laid off, quits or is discharged prior to the attainment of the specified age or number of years of service

[825]

needed to retire, their retirement pay is *NOT* deductible, even though the amount may have been based on the number of years of service.' (10) OAR 471-30-020 provides 'An individual who elects to receive retirement benefits in a lump sum payment, when the option to receive period payment exists,' shall be considered eligible for periodic payments under paragraph (b) of subsection (1) of ORS 657.205."

The Board concluded that an employe's receipt of retirement funds before a specified retirement age constitutes a deduction against unemployment benefits. The Board stated:

"CONCLUSIONS AND REASONS: We do not agree with the decision of the referee. We find that the claimant has received deductible income under the provisions of ORS 657.205. That statute provides for a disqualification from benefits for 'Any payment under a retirement plan * * * which was sponsored or participated in by a base year employer * * * when (A) the individual is eligible for periodic retirement payments due to the attainment of a specified age or number of years of service.' * * * Administrative Rule [471-30-020] was enacted to aid in the administration of that section of the law. As subsection (5) of that Rule provides the claimant had the option to receive periodic payments. That option existed. Since claimant elected to receive retirement benefits in a lump sum payment when that option existed, she shall be considered eligible for periodic payment as enumerated by the statute above. The fact that in the present case the claimant would have to suspend the receipt of retirement payments for approximately 16 years until she reached age 60 does not change the outcome of this matter."

The Board incorrectly interpreted ORS 657.205 and OAR 471-30-020. It is apparent that ORS 657.205 and OAR 471-30-020 mandate deduction of retirement funds against unemployment benefits *only* when an employe is eligible to retire.

ORS 657.205 provides, in relevant part:

"(1)   * * * an individual is disqualified for [unemployment] benefits for any week with respect to which he is receiving, will receive or has received:

"(b)   Any payment under a retirement plan * * * when:

"(A)   *The individual is eligible for periodic retirement payments due to attainment of a specified age or number of years of service. * * *"* (Emphasis supplied).

In the present case, claimant had two options under her retirement plan. She could take all her contributions to her retirement fund along with her vested share of her employer's contribution upon leaving her employer, or wait until age 60 to receive payments under her retirement plan. Claimant chose the former option.

Applying the terms of ORS 657.205 to the present case, neither claimant's contribution nor her employer's contribution to her retirement fund may be properly deducted against her unemployment benefits. Upon claimant's early withdrawal of retirement funds, she was not eligible for *"periodic retirement benefits* due to the attainment of a *specified age* or number of years of service." She will not be "eligible" for "periodic retirement benefits" until the age of 60—16 years after leaving her employer. For the same reason, claimant has not reached the requisite "specified age," 60, in order to receive these "periodic retirement benefits." Thus, claimant's early receipt of retirement funds could not properly serve as a deduction against her unemployment benefits under the terms of ORS 657.205(1) (b) (A).

The Board also improperly applied OAR 471-30-020 in the present case. OAR 471-30-020 provides, in relevant part:

"(5) An individual who elects to receive benefits in a lump sum payment when the option to receive periodic payments *exists,* shall be considered eligible for periodic payments under paragraph (b) of subsection (1) of ORS 657.205." (Emphasis supplied).

The key element in the application of OAR 471-30-020 is the requirement that the right to receive periodic payments *exist* for a "lump sum payment" to serve as a deduction against unemployment benefits. The payment which claimant received was taken at a time when the option to receive periodic payments did *not* exist; claimant's option to receive periodic payments would exist only at the age of 60. Thus, OAR 471-30-020 does not mandate deduction of claimant's receipt of retirement disbursements against her unemployment benefits in the present case.

The order of the Board is reversed.[1]

---

[1] Because we find the words of the statute and regulation clear, we are not required to rely upon the extensive statutory history cited to us by the Division. We note, however, that this history fully supports our construction of the statute.