Marcia McKEAN-COFFMAN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(89-AB-1298; CA A62926)

801 P2d 858

Barry L. Adamson, Lake Oswego, argued the cause for petitioner. With him on the brief were Roger Hennagin and Hennagin & Shonkwiller, Lake Oswego.

Robert M. Atkinson, Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks judicial review of a decision of the Employment Appeals Board (EAB), which held that she was disqualified from receiving unemployment benefits because she had received accrued retirement benefits on the termination of her employment. We affirm.

Claimant worked for Benjamin Franklin Federal Savings and Loan Association (employer) from September 24, 1984, until she was discharged on June 5, 1989.[1] During her employment, both she and employer contributed monthly to a retirement plan maintained by employer. At the time of claimant's termination, the plan held $8,334. On separation, claimant was eligible to receive early withdrawal of her retirement benefits. She could either take monthly payments from the plan or a lump sum distribution. Claimant chose the latter, which she then rolled over into an IRA.

■ Claimant sought and was denied unemployment benefits. Division concluded that, because claimant had received a pension distribution, she could not also receive unemployment benefits. The referee reversed. EAB ultimately reversed the referee's finding and held that claimant was disqualified from receiving benefits.

ORS 657.205 provides, in pertinent part:

"(1) [A]n individual is disqualified for benefits for any week with respect to which the individual is receiving, will receive, or has received a governmental or other pension, retirement or retired pay, annuity, or other similar periodic payment based on the previous work of the individual[.]

"(2) Such payments made in a *lump sum* upon separation or in weekly or other instalments *shall be considered as payments with respect to weeks following separation * * *.*" (Emphasis supplied.)[2]

---

[1] Claimant was discharged because her job description was changed and she was unable to become trained in her new position.

[2] Under ORS 657.205(4), if a claimant's weekly pro-rated retirement benefits are less than the weekly unemployment benefits, the claimant receives the difference. Under ORS 657.205(1), however, if retirement benefits exceed unemployment benefits, the amounts are offset and the claimant is disqualified from receiving any benefits. Division determined that claimant's weekly pro-rated retirement benefit would be $266.80, and her weekly unemployment benefit would be $168. Thus, she was disqualified from receiving benefits.

In addition, OAR 471-30-020(3) provides, in pertinent part:

> "An individual who elects to receive retirement benefits in a *lump sum* payment when the option exists to receive periodic payments during the individual's benefit year *shall be considered eligible for periodic payments under ORS 657.205(1). Such lump sum payment shall be apportioned as provided in ORS 657.205(2)* * * *." (Emphasis supplied.)

Claimant makes three assignments of error. First, she argues that ORS 657.205 does not apply, because she received her benefits in a lump sum rather than in periodic payments. We disagree. ORS 657.205(2) expressly includes lump sum distributions as disqualifying retirement payments in subsection (1). To hold otherwise, as claimant suggests, would be to disregard the plain language of the statute.

■    Second, claimant argues that ORS 657.205 applies only to persons who are eligible for retirement. Again, we disagree. Claimant relies on *Employment Division v. Yamhill County,* 46 Or App 823, 613 P2d 493 (1980). When we decided that case, ORS 657.205 provided, in pertinent part:

> "(1)    [A]n individual is disqualified for [unemployment] benefits for any week with respect to which he is receiving, will receive or has received:
>
> "* * * * *
>
> "(b)    Any payment under a retirement plan * * * when:
>
> "(A)    *The individual is eligible for periodic retirement payments due to attainment of a specified age or number of years of service* * * *." (Emphasis supplied.)

However, the legislature repealed the emphasized language in 1981, Or Laws 1981, ch 62, § 1, and the section is no longer limited to those who are eligible for retirement.

■    Finally, claimant argues that EAB erred when it determined that claimant had "received" retirement benefits, even though she subsequently rolled them over into the IRA. Once again, we disagree. For purposes of ORS 657.205, it is irrelevant what a claimant actually does with the funds after receipt. She could have elected to keep the funds in the original retirement plan, in which case she would not have

"received" them.[3] However, she elected to withdraw the funds, and held them for two weeks before rolling them over into the IRA. She did receive them. Whatever claimant chose to do with the funds after having actually received them is not relevant.

Affirmed.

---

[3] The present case is distinguishable from *Johnson v. Employment Sec. Dept.*, 112 Wash 2d 172, 769 P2d 305 (1989), in which the Washington Supreme Court held that an employee who, after separation, transferred pension benefits from one account to another, had not received payment of the funds within the meaning of a statute providing for reduction in unemployment benefits for lump-sum pension payments. RCWA 50.04.323(3). The *Johnson* decision turned, in part, on the court's construction of the term "payment." The court determined that the claimant was not "paid," if he did not intend to use the funds for living expenses. The operative statutory terms in the present case are "receiving, will receive, or has received" the funds. Nothing in ORS 657.205 indicates that receipt is dependent on what the employee intends to do with the funds.