On review from petitioner's motion for reconsideration of petition for attorney fees filed April 2, motion for reconsideration allowed; petition for attorney fees denied November 25, 1992

## Marcia McKEAN-COFFMAN,
*Petitioner on Review,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent on Review.*

(EAB 89-AB-1298; CA A62926; SC S37747)

842 P2d 380

Barry L. Adamson, Lake Oswego, filed the motion for petitioner on review.

No appearance *contra.*

GILLETTE, J.

## GILLETTE, J.

In this case under the Oregon Administrative Procedures Act (APA), petitioner successfully challenged her disqualification from unemployment compensation benefits. *McKean-Coffman v. Employment Div.*, 312 Or 543, 824 P2d 410 (1992). Petitioner then sought an award of attorney fees pursuant to ORS 183.497(1), discussed *post*. This court first denied an award of fees without opinion; petitioner now seeks reconsideration of that decision. We grant reconsideration, but adhere to our former ruling.

ORS 183.497(1), the statute on which petitioner relies, provides:

"(1) In a judicial proceeding designated under subsection (2) of this section the court:

"(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

"(b) Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust."

This is one of the kinds of judicial proceedings designated in ORS 183.497(2),[1] and this court found in favor of petitioner. Thus, we may, in our discretion, award an attorney fee under ORS 183.497(1)(*a*). Further, we must award a fee under ORS 183.497(1)(*b*) if we find that the Employment Division (the Division) acted without a reasonable basis in fact or in law in denying petitioner unemployment compensation benefits in the underlying proceeding.[2] In order to determine which subsection is applicable, we review our decision on the merits.

---

[1] Specifically, it is a case of "[j]udicial review of a final order as provided in ORS 183.480 to 183.484." ORS 183.497(2)(a).

[2] The state does not rely on the last clause of ORS 183.497(1)(b) (court may withhold all or part of an award of attorney fees under specified circumstances), and we therefore do not discuss that clause in this opinion.

Petitioner was disqualified from receiving unemployment compensation benefits because she received her vested retirement funds in a lump sum payment when her employment was terminated. Because of the adverse tax consequences to her if she retained the retirement funds, petitioner "rolled over" the funds into an individual retirement account (IRA) within the time allowed for such transactions under federal tax law. *McKean-Coffman v. Employment Div., supra*, 312 Or at 545.

When petitioner filed an unemployment compensation claim, the Division denied her benefits on the ground that petitioner should be disqualified because she had "received" retirement benefits within the meaning of ORS 657.205[3] and an administrative rule, OAR 471-30-020.[4] After a hearings officer had reversed the ruling of the Division and awarded benefits to petitioner, the Division sought review with the Employment Appeals Board (EAB). The EAB ruled that petitioner had "received" retirement benefits under the statute and rule, and, when petitioner sought judicial review in the Court of Appeals, that court agreed. *McKean-Coffman v. Employment Div.*, 104 Or App 345, 801 P2d 858 (1990). This court allowed review.

---

[3] ORS 657.205 provides, in part:

"(1) Subject to the provisions of subsections (2), (3) and (4) of this section, an individual is disqualified for benefits for any week with respect to which the individual is receiving, will receive, or has received a governmental or other pension, retirement or retired pay, annuity, or other similar periodic payment based on the previous work of the individual, if payment is received under a plan maintained or contributed to by a base year employer of the individual.

"(2) In determining disqualification for any week under subsection (1) of this section, if the remuneration and payments referred to in subsection (1) of this section cover a period greater than and include such week, a pro rata share of such remuneration and payments shall be apportioned to such week or weeks. Such payments made in a lump sum upon separation or in weekly or other installments shall be considered as payments with respect to weeks following separation without regard to the existence or lack thereof of an employee-employer relationship during the weeks such pay is allocated pursuant to the assistant director's rules."

[4] OAR 471-30-020(3) provides in part:

"An individual who elects to receive retirement benefits in a lump sum payment when the option exists to receive periodic payments during the individual's benefit year shall be considered eligible for periodic payments under ORS 657.205(1). Such lump sum payment shall be apportioned as provided in ORS 657.205(2)."

On review in this court, the Division argued that petitioner had "received" her retirement fund in a lump sum, as that word is used in ordinary English, and that the ordinary meaning is the one that should be read into the statute. Petitioner countered that to treat her receipt and immediate rollover of the retirement fund in that way was contrary to federal tax policy and the underlying purpose of ORS 657.205(1) itself. This court, after an examination of the legislative history of ORS 657.205 and related federal law, determined that the purpose of the statute was to prevent an unemployment compensation claimant from "double-dipping," *i.e.*, obtaining unemployment compensation benefits while also receiving retirement benefits. *Id.* at 549-51. Because petitioner's treatment of her retirement fund would not lead to double-dipping, it was inappropriate to disqualify her under the statute or the rule. *Id.* at 551-53. With the foregoing review of our decision on the merits in mind, we return to the question of an award of attorney fees.

■    Petitioner contends that the Division's adoption of the administrative rule providing for disqualification under the circumstances of this case and its enforcement of that rule with respect to this particular petitioner were unreasonable as a matter of law and, therefore, that the court is required to award attorney fees under subsection (b) of ORS 183.497(1). We disagree. It is true, as petitioner argues, that the rule, OAR 471-30-020, was legally incorrect. But the rule was simply a statement of the Division's understanding of the meaning and scope of the governing statute, ORS 657.205. Although our examination of the legislative history ultimately led us to the conclusion that another construction of the statute was correct, the Division's reliance on the plain meaning of the pivotal term, "received," was not "without a reasonable basis * * * in law." An award of attorney fees under ORS 183.497(1)(b) is not appropriate.

Alternatively, petitioner argues that the Division's "unreasonable" interpretation of ORS 657.205 and the Division's insistence on applying that statute to petitioner in this case are factors that we should take into consideration in exercising our discretion under ORS 183.497(1)(a). We already have identified the difficulty with this argument: The Division's position in the case was wrong; but it was not

unreasonable. We doubtless have wide discretion to award an attorney fee under ORS 183.497(1)(a), but we rarely will exercise it in favor of an award when an agency has acted reasonably. To do so could easily make administrative agencies timorous about pursuing reasonable positions as to what the law is or ought to be. The public interest would be ill-served in such circumstances.

Petitioner also contends that the court should take into consideration the fact that petitioner had to endure adverse decisions from the Division at the initial claim stage and from the EAB and the Court of Appeals. The foregoing facts attest to petitioner's perseverance, but do nothing to demonstrate that this case involved anything other than a reasonable disagreement between parties as to the meaning of a law. Presumably, most cases of judicial review of the decision of an administrative agency will be of that kind.

Lastly, petitioner urges us to take into consideration the fact that our decision will benefit other claimants in situations like petitioner's and that counsel took this case on a contingent fee basis. The first factor (if it exists at all) is a fortuity. Petitioner has pursued this case in her own interest; there is nothing in the record of which we are aware that indicates that she was the "point" person for a number of similarly-situated unemployment compensation claimants. The second factor — counsel's acceptance of the case on a contingent fee basis — is not relevant. Petitioner would be no less deserving of an award of attorney fees (and no more deserving) if she had paid counsel on an hourly or retainer basis.

■　In summary, we hold that this is not a case in which the administrative agency acted "without a reasonable basis in fact or in law." Therefore, an award of attorney fees under ORS 183.497(1)(b) is not merited. Neither is this a case in which we choose to exercise our discretion to award petitioner attorney fees under ORS 183.497(1)(a). The underlying controversy, while hard-fought, was nonetheless a common variety of administrative contest that involved reasonable positions on both sides and that required a significant amount of independent effort by this court to resolve. An award of attorney fees under such circumstances, while certainly encouraging to individual litigants such as petitioner, could

have the undesirable effect of discouraging agencies from vigorously advocating reasonable policy positions in the courts.

Motion for Reconsideration is allowed; petition for attorney fees is denied.