Argued and submitted November 8, 2004, decision of Court of Appeals reversed,
and case remanded to that court to award reasonable attorney fees and costs
April 28, 2005

**KAIB'S ROVING R.PH. AGENCY, INC.,**
*Petitioner on Review /*
*Respondent on Review,*

*v.*

**EMPLOYMENT DEPARTMENT,**
*Respondent on Review /*
*Petitioner on Review.*

(96-T-0123A; CA A110993; SC S51078, S51165)

111 P3d 739

434

James E. Mountain, Jr., of Harrang Long Gary Rudnick P.C., Portland, argued the cause and filed the brief for petitioner on review/respondent on review Kaib's Roving R.Ph. Agency, Inc. With him on the briefs on the merits were Craig A. Etter, *pro hac vice*, of Greenberg Traurig, LLP, McLean, Virginia, and Harvey J. Shulman, *pro hac vice*, Washington, D.C.

Denise G. Fjordbeck, Assistant Attorney General, Salem, argued the cause and filed the briefs for respondent on review/petitioner on review Employment Department. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Joseph H. Hobson, Jr., Salem, filed briefs for *amicus curiae* Oregon Farm Bureau Federation.

Ross Day, Tigard, filed a brief for *amicus curiae* Oregonians in Action Legal Center.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

** Kistler, J., did not participate in the consideration or decision of this case.

GILLETTE, J.

## GILLETTE, J.

This is an attorney fee dispute arising out of a judicial review proceeding in which the Court of Appeals vacated and remanded for reconsideration an order of the Employment Department (department) that affirmed an unemployment tax assessment against petitioner. The party that obtained the remand, Kaib's Roving R.Ph. Agency, Inc. (petitioner), sought attorney fees and costs under either ORS 183.497(1)(a) or (b), set out *post*. A divided panel of the Court of Appeals denied that request. *Kaib's Roving R.Ph. Agency v. Employment Dept.*, 189 Or App 579, 77 P3d 327 (2003) (*Kaib's III*). We allowed both petitioner's and the department's petitions for review. For the reasons that follow, we reverse the decision of the Court of Appeals.

The operative facts and procedural history of this proceeding are not in dispute. Petitioner provides relief pharmacists to various pharmacies in this state. Petitioner views those pharmacists as independent contractors. The department, however, views the pharmacists as petitioner's employees, for whom petitioner must pay unemployment tax. Accordingly, in 1996, the department sent petitioner an assessment for unemployment taxes and interest. Petitioner requested a hearing and an administrative law judge (ALJ) upheld the assessment. Petitioner then sought judicial review. The Court of Appeals reversed the department's order on the ground that the department had ignored an earlier ruling by the Department of Revenue (DOR), concluding that pharmacists were not employees, notwithstanding the fact that a statute, ORS 670.600,[1] directs both departments to use the same statutory criteria to determine independent contractor status. The Court of Appeals remanded the matter

---

[1] ORS 670.600 provides:

"As used in various provisions of ORS chapters 316, 448, 656, 657, 671 and 701, an individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of this section are met[.]"

In *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 318 Or 614, 628, 872 P2d 1 (1994), this court concluded that the legislative intent behind that wording was to achieve uniformity as to who qualifies as an independent contractor for purposes of, among other things, the revenue code and the unemployment laws.

for further consideration. *Kaib's Roving R.Ph. Agency v. Employment Dept.*, 161 Or App 290, 984 P2d 886 (1999) (*Kaib's I*).

Upon receipt of the notice of remand, the ALJ wrote a letter to petitioner acknowledging that the Court of Appeals had remanded the matter and informing petitioner that the hearings section did not intend to hold another hearing, in light of the fact that, in the ALJ's view, the hearings section had "the evidence we need to respond to the Court." The ALJ further informed petitioner that the hearings section would be issuing a proposed order, to which petitioner would be permitted to respond with exceptions, after which "the agency [would] issue a Final Order."

Thereafter, the ALJ issued a proposed order that once again affirmed the assessment. After petitioner received that proposed order, petitioner formed a belief that, in considering the case, the hearings section had had improper contact with various Employment Department officials outside that section including, specifically, the director of the department. Accordingly, petitioner requested records pertaining to contacts between anyone in the hearings section and anyone outside the hearings section concerning the substance of the case. The department complied with that request in April and May 2000. Petitioner also submitted multiple exceptions to the specific findings in the proposed order. The last objection alleged that the adjudicatory process used in the case violated petitioner's due process right to an impartial tribunal and violated applicable Oregon procedural statutes, because the hearings section decision-makers had had *ex parte* contacts concerning the merits of the issues before the hearings section. In June 2000, the department issued a final order in the proceeding that affirmed the assessment, denied that the hearings section had violated petitioner's due process rights or any Oregon procedural statutes, and denied that department officials had engaged in any improper contacts concerning the merits of the issues before the hearings section. The director of the department signed that order.

Petitioner sought judicial review of that final order in the Court of Appeals. In its brief to that court, petitioner argued that the department erred in concluding that it had

not violated petitioner's due process right to a fair hearing before an impartial adjudicator, that the department erred in concluding that it was entitled to ignore the earlier Department of Revenue ruling that petitioner's pharmacists were independent contractors, and that the department erred in concluding that the pharmacists were petitioner's employees and not independent contractors.

The Court of Appeals once again vacated the department's final order and remanded the case for reconsideration under the terms of its earlier decision in *Kaib's I*, this time directing the department to hold a new hearing before an ALJ who was not involved in the previous remand. *Kaib's Roving R.Ph. Agency v. Employment Dept.*, 182 Or App 481, 487, 50 P3d 1193 (2002) (*Kaib's II*). In deciding the case in petitioner's favor, the Court of Appeals declined to address the constitutional arguments that petitioner raised; instead, the court resolved the issue on subconstitutional grounds.

The court observed that the chief of the department's hearings section, in collaboration with other department employees, had prepared the final order for the director's signature, which, as noted, the director then had signed. However, the court pointed out, two sections of the department's governing statute, ORS 657.683 and ORS 657.684, make it clear that the director is a party to proceedings before a hearing officer. *Id.* at 485-86. It followed, the court held, that the department must reconsider the case once again. *Id.*

The Court of Appeals further observed in *Kaib's II* that nothing in the department's governing statute changes the respective roles of the director and the ALJ after a remand. *Id.* at 486. Accordingly, the court reasoned, after it had held in *Kaib's I* that "the Employment Department must reconsider the evidence offered by [petitioner] regarding the Department of Revenue's prior determination," and remanded the proceeding for reconsideration, the case should have gone back to an ALJ. *Kaib's II*, 182 Or App at 486, *quoting Kaib's I*, 161 Or App at 298. The court noted that, although it had not expressly directed such a remand to an ALJ, that was the necessary consequence of its decision, because only an ALJ has authority to issue orders on behalf of the department in this kind of case. *Id.* at 486-87. The court

once again vacated the department's order and remanded the matter for reconsideration. *Id.* at 487.

Having obtained what it considered to be a ruling in its favor in *Kaib's II*, petitioner then requested the Court of Appeals to award attorney fees and costs under ORS 183.497. As noted, a divided Court of Appeals denied that request, and we allowed both parties' petitions for review.

ORS 183.497 provides, in part:

"(1) In a judicial proceeding designated under subsection (2) of this section the court:

"(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

"(b) Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484."

The Court of Appeals held (and the parties do not dispute) that *Kaib's II* was a proceeding for judicial review of a final order of the Employment Department and, therefore, that it was a judicial proceeding to which ORS 183.497 applies. *Kaib's III*, 189 Or App at 584. We agree. In addition, the Court of Appeals held that it had found "in favor of" petitioner in *Kaib's II*, in light of the fact that, as a result of its decision, petitioner is entitled to a reassessment of the case by a new decision-maker. *Id.* at 585-86.

In explaining its decision in *Kaib's III* nonetheless to deny petitioner attorney fees and costs, the Court of Appeals

began by reviewing the standard for such awards. The court acknowledged that ORS 183.497 seems to provide alternative standards for awarding attorney fees and costs—ORS 183.497(1)(a) making such awards discretionary in most circumstances, and ORS 183.497(1)(b) making them mandatory in cases in which the agency acted "without a reasonable basis in fact or in law." *Kaib's III*, 189 Or App at 585. However, it held that the two provisions were, under the circumstances of the case before it, legally indistinguishable. *Id.* at 587. The court reasoned that, in *Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or App 561, 565-66, 666 P2d 276 (1983), it had adopted, with respect to discretionary awards, a "no reasonable basis in law or fact" standard. *Kaib's III*, 189 Or App 586. In addition, according to the court, ORS 20.075 provides criteria for discretionary decisions whether to award fees, and those criteria also capture the "no reasonable basis in law or fact" standard.[2] *Kaib's III*, 189 Or App at 586-87. For that reason, the court stated, it would not distinguish, for purposes of its analysis, between claims for fees asserted under ORS 183.497(1)(a) and (b). *Id.* at 587.

The Court of Appeals next turned to consider petitioner's contention that the department had ignored two key provisions of its own unambiguous governing statute, ORS 657.683 and ORS 657.684, when it failed to recognize its party status and permitted the director rather than the ALJ to sign the final order, and that that fact inexorably leads to the conclusion that the department "acted without a reasonable basis in fact or in law." The court stated that there were two difficulties with petitioner's position. First, although it had cited them, petitioner had not relied on ORS 657.683 and ORS 657.684 when it argued to the Court of Appeals in *Kaib's II* that the department had acted improperly in rendering its decision in the proceeding. Rather, petitioner had confined its

---

[2] ORS 20.075 provides, in part:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"* * * * *

"(b) The objective reasonableness of the claims and defenses asserted by the parties."

arguments to constitutional due process claims that the department had denied petitioner a right to a fair hearing before an impartial adjudicator. *Kaib's III*, 189 Or App at 588. Second, and more importantly, the Court of Appeals ruled that the department had not acted unreasonably when it failed to discern the applicability of ORS 657.683 and ORS 657.684 to petitioner's case. That is so, according to the court, because no appellate court previously had construed those sections and adjudged them to be applicable in circumstances like the present. Under those circumstances, the court held, an award of fees was not warranted.[3] *Id.* at 589-90.

■      In this court, petitioner argues that the Court of Appeals misconstrued ORS 183.497 by conflating the standards for discretionary and mandatory fee awards in paragraphs (a) and (b) of subsection (1) and that, based at least in part on that misconstruction, it erred in holding that an award of fees was not warranted. As will be shown below, we agree that the Court of Appeals misconstrued ORS 183.497(1). However, before examining the standards for awards of fees under the two paragraphs of that subsection, we take up a preliminary objection that the department has raised to any award of attorney fees to petitioner, *viz.*, an argument that the Court of Appeals erred in concluding that its decision in *Kaib's II* was a finding "in favor of" petitioner. That is the appropriate approach because, if the department is correct that the Court of Appeals' vacation of the final order and remand in *Kaib's II* was not a finding "in favor of" petitioner, then no award of fees is appropriate under either paragraph of ORS 183.497(1).

ORS 183.497 provides for an award of attorney fees and costs "[i]n a judicial proceeding * * * if the court finds in favor of the petitioner." As noted, the Court of Appeals held that it had found in favor of petitioner in *Kaib's II* because petitioner gained a reassessment of the case by a new decision-maker. The department argues that that is not sufficient. According to the department, petitioner won only a *de minimus* victory, because petitioner has not advanced its

---

[3] Judge Wollheim filed a dissenting opinion in which he contended that petitioner was entitled either to a mandatory or a discretionary award of fees under ORS 183.497. *Kaib III*, 189 Or App at 590-94.

position with respect to the substantive merits of its claim. And, the department reasons, because the Court of Appeals' decision in *Kaib's II* did not resolve the ultimate issues in the case in petitioner's favor, it was not a finding "in favor of" petitioner within the meaning of ORS 183.497.

To discern the meaning of the phrase "in favor of," we employ the now-familiar methodology for construing statutes that this court described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under that methodology, we first examine the text of the statute, in context, in an effort to discern the intent of the legislature. *Id.* at 610. If the meaning of the statute is clear at that level of analysis, further inquiry is unnecessary. *Id.* at 611.

We begin with the observation that the department is not arguing that the Court of Appeals' decision in *Kaib's II* was not actually "in favor of" petitioner in the ordinary sense. Obviously, the outcome of *Kaib's II* was a significant success for petitioner, because the Court of Appeals vacated the department's order and remanded for a new hearing in accordance with procedures that the department had resisted. However, the department contends that petitioner had not won a victory justifying an award of attorney fees and costs. According to the department, a decision is only "in favor of" a particular party if it resolves the ultimate issues of the case; anything else is insufficient to trigger an entitlement to attorney fees under ORS 183.497(1).

The department points to no textual or contextual clues to support its proffered interpretation.[4] Rather, it jumps straight to consideration of legislative history. Text and context, however, support a contrary view. First, ORS 183.497(1) applies in proceedings for "judicial review of a final order." ORS 183.497(2)(a). Judicial review can and often

---

[4] The department claims that the "plain meaning" of the words "in favor of" is "unequivocal and explicit: the challenged order must be invalidated or altered in a way that is of present benefit to the petitioning party." (Emphasis omitted.) According to the department, that proposition means one thing, *viz.*, that the challenged order must have been invalidated on the merits of the substantive claim. That conclusion does not follow from its premise, however. It unquestionably is of present benefit to petitioner to be granted reassessment of its case before a different decision-maker.

does result in findings for or against parties without address-ing the ultimate merits of a claim. No wording in ORS 183.497 suggests that the legislature intended to limit attor-ney fee awards to judicial review of the *merits* of a claim. Indeed, the fact that the statute deals with awards of fees in "judicial proceedings" indicates that it is not concerned with the overall administrative proceeding but, rather, with the specific result obtained on judicial review.

The department asserts, based on its review of the legislative history, that a finding "in favor of" a party is equivalent to a finding that a party is a "prevailing party." It also cites several cases supporting the proposition that only a party who obtains substantive relief on the claims asserted is a "prevailing party" for purposes of an award of attorney fees and costs. That argument is misplaced. ORS 183.497 does not use the phrase "prevailing party," but another part of ORS chapter 183 does. ORS 183.485(1) requires a court having judicial review of contested cases to direct its decision, includ-ing its judgment, to the agency that issued the order being reviewed, and permits the court to "direct that its judgment be delivered to the circuit court for any county designated by the prevailing party for entry in the court's register." Clearly, the legislature knew how to refer to a "prevailing party" when that was what it intended. The fact that the legislature chose instead to refer in ORS 183.497(1) to a finding "in favor of" a party suggests that it intended something different.

Based on the foregoing, we conclude that the mean-ing of the phrase "in favor of" is clear at the first level of our analysis and further inquiry is unnecessary.[5] A decision of the court may be "in favor of" a party, even if it addresses only procedural matters.[6] In this case, the Court of Appeals' deci-sion vacating the final order and remanding the proceeding

---

[5] Given our view of the clarity of the text and context on this point, it is unnec-essary to describe the legislative history in any detail. It is sufficient here to note that our review of the legislative history to which the department has referred us does not change our view of the intended meaning of the phrase "in favor of," based on text and context alone.

[6] We say "may be," rather than "is," only because there could be circumstances in which a party's "win" truly was minimal, even pyrrhic. But that is not the case here.

for reassessment before a different decision-maker was a decision "in favor of" petitioner.

■     We turn now to petitioner's assertion that the Court of Appeals erred in denying it attorney fees and costs under ORS 183.497(1)(a) or (b). ORS 183.497(1)(a) provides that, in a judicial proceeding, the court "[m]ay, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner." By the plain words of that subsection, that authority to award fees and costs is discretionary. *McKean-Coffman v. Employment Div.*, 314 Or 645, 647, 842 P2d 380 (1992). By contrast, the plain words of ORS 183.497(1)(b) state that the court "[s]hall allow a petitioner reasonable attorney fees and costs" if the court finds that a state agency "acted without a reasonable basis in fact or in law." Thus, in contrast to ORS 183.497(1)(*a*), ORS 183.497(1)(*b*) imposes a mandatory obligation on the court in cases in which an agency has acted without such a reasonable basis.[7] *McKean-Coffman*, 314 Or at 647; *see also 1000 Friends v. LCDC*, 293 Or 440, 442, 649 P2d 592 (1982) (in construing earlier version of statute, court stated that, by using the word "shall," statute goes beyond merely allowing court discretion to award fees but, instead, requires court to award fees under circumstances described). The Court of Appeals' contrary construction, which treated the two subsections as setting indistinguishable standards, was error.[8]

As discussed above, petitioner's primary argument is that, in ignoring or being unaware of key provisions of its own unambiguous governing statutes, in failing to recognize

---

[7] The mandatory obligation to award fees in ORS 183.497(1)(b) is subject to an exception allowing the court to "withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust." The department did not rely on that exception in its objections to petitioner's attorney fee request in the Court of Appeals, and the Court of Appeals did not address its meaning or application in this case. The department has made an argument to this court that the exception applied, but that argument is unpreserved, and we therefore do not consider it.

[8] That error appears to have been due, at least in part, to an inappropriately narrow reading of that court's *Van Gordon* decision. In any event, this court's later decision in *McKean-Coffman* makes it absolutely clear that the authority conferred by each subsection of ORS 183.497(1) differs. 314 Or at 647.

its party status, and in permitting the director of the department rather than the ALJ to sign the final order, the agency "acted without a reasonable basis in * * * law." Therefore, petitioner contends, it is entitled to a mandatory award of attorney fees and costs under ORS 183.497(1)(b). In response, the department essentially adopts the reasoning of the Court of Appeals, asserting that an award of fees is not warranted because petitioner did not raise ORS 657.683 and ORS 657.684 as bases for its objections to the final order, and that the department did not act unreasonably in failing to understand that the director was a party to the proceeding and had no authority to sign the order.

The first of those two contentions is easily disposed of. With respect to mandatory awards, there is no room to consider whether the Court of Appeals decided the case on a ground asserted by the petitioner. That is, while the content and contours of a petitioner's argument to the Court of Appeals and its failure to urge a dispositive point of law in that court may be crucial in evaluating whether it is appropriate for the Court of Appeals to exercise its *discretionary* authority to award fees, such a consideration is irrelevant to the question of the reasonableness of a state agency's earlier conduct in issuing a final order. We must answer that question by reference to the agency's authority as delineated in its governing statutes.

The Court of Appeals held in *Kaib's II*, and we agree, that ORS 657.683 and ORS 657.684 clearly treat the director as a party to the proceeding and not as the ultimate decision-maker. ORS 657.683 sets out the procedure by which an employer who objects to the director's assessment of employment taxes under ORS 657.681 may seek a hearing before an ALJ. First, the employer files an application for a hearing. ORS 657.683(1). Then an ALJ sets the date and time for a hearing and "shall give notice of the time and place of the hearing to the director * * * and shall give notice to the [employer]." ORS 657.683(2). Thereafter, the ALJ holds a hearing and enters a decision either affirming, modifying, or setting aside the assessment, and promptly notifies both the employer and the director. ORS 657.683(4). The decision of the ALJ is final, ORS 657.683(5), except that either the

employer or the director may seek judicial review of the decision by filing a petition for judicial review. ORS 657.684.

The department either ignored the foregoing statutory provisions in the present case or it was unaware of them. It attempts to excuse its failure to act in accordance with those unambiguous provisions by asserting that no court had interpreted them and that the Court of Appeals' remand order was vague in stating that "the Employment Department" must reconsider the matter. The department, however, is obligated to understand the clear provisions of its governing statute without a court's published opinion interpreting it. As Judge Wollheim stated in his dissenting opinion below,

> "State agencies are expected to know the law, just like citizens. Ignorance of the law is no excuse. This is especially the situation with state agencies, which are assumed to have subject-matter expertise. * * * It is simply not acceptable for a state agency to defend its failure to comply with state law by arguing that it was unaware of [that law]."

This court has explained that an agency's erroneous interpretation of its statutes will not, in every case, support a claim for attorney fees under ORS 183.497(1)(b). *McKean-Coffman*, 314 Or at 649. An agency's interpretation of a statute may be legally incorrect but not unreasonable. In such a case, a mandatory award of fees is not appropriate. *Id.* This, however, is not such a case. The department has not proffered an "interpretation" of ORS 657.683 and ORS 657.684, or any other section of its governing statute, that would have permitted the director to sign the final order in this case.

As is evident from the foregoing, we conclude that the department acted without a reasonable basis in law when it failed to recognize that the director was a party to the proceeding and permitted the director, rather than the ALJ, to sign the final order. Because this case fits the other criteria in ORS 183.497(1)(b) for an award of fees, granting petitioner's request for an award of attorney fees was mandatory. The Court of Appeals' contrary ruling denying fees and costs was error.[9]

---

[9] In light of our ruling under ORS 183.497(1)(b), it is not necessary to consider petitioner's arguments concerning its entitlement to fees under the court's discretionary authority in ORS 183.497(1)(a).

The decision of the Court of Appeals is reversed, and the case is remanded to that court to award reasonable attorney fees and costs.