Argued and submitted March 7, decision of Court of Appeals reversed; order of
Office of Administrative Hearings reversed, and case remanded to Employment
Department for further proceedings July 24, 2008

## NECANICUM INVESTMENT CO.,
*Petitioner on Review,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent on Review.*

(Agency No. T70772; CA A131207; SC S055231)

190 P3d 368

Joseph D. McDonald, Smith, McDonald & Vaught, LLP, Portland, argued the cause and filed the brief for petitioner on review.

Rolf C. Moan, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

DE MUNIZ, C. J.

**DE MUNIZ, C. J.**

Petitioner Necanicum Investment Company seeks review of a final order of the Employment Department (department), concluding that petitioner's payments to members of its board of directors for directors' fees constitute wages that are subject to state unemployment taxes. The Court of Appeals affirmed the order, concluding that corporate directors, by setting corporate policy and providing governance, were in effect "employed" by petitioner and, thus, the payments constituted wages subject to state unemployment taxes. *Necanicum Investment Co. v. Employment Dept.*, 214 Or App 385, 164 P3d 1197 (2007). Petitioner sought review in this court, arguing that corporate directors are not "employees" of a corporation, that fees paid to corporate directors therefore are not wages, and that those fees thus are not subject to unemployment tax. We allowed review and now reverse the decision of the Court of Appeals and the department's order, and remand the case to the Employment Department for further proceedings.

The facts are undisputed. Petitioner is a property management corporation headquartered in Portland. It is governed by a board of directors, which meets regularly, sets policy, and provides governance and direction to the corporation. In the third quarter of 2003, petitioner paid $6,000 in directors' fees to each of its three board members. It did not report those payments as part of its payroll and it did not pay unemployment tax on them. In 2005, the department's tax section conducted an audit of petitioner and determined that the $18,000 paid as directors' fees constituted part of petitioner's 2003 taxable payroll. The department issued a notice of tax assessment for approximately $700.

Petitioner sought review of the unemployment tax assessment before an administrative law judge (ALJ) from the Office of Administrative Hearings (OAH). Petitioner contended that the fees paid to its board of directors were not wages because directors control the corporation and are not employees. The ALJ determined that the directors' fees met the statutory definitions of "wages" for "employment," set out below. The ALJ also noted that petitioner could not point to a

specific exclusion in the statutes for directors' fees and therefore had failed to carry its burden to prove that the assessment was incorrect.[1] The ALJ issued an order affirming the tax assessment.

Petitioner appealed and, as noted, the Court of Appeals affirmed. That court agreed with the ALJ's application of the statutory definitions of "wages" and "employment," *Necanicum Investment Co.*, 214 Or App at 387, and determined that the directors engaged in "employment" for petitioner when they met to set policy and provided governance and direction for the corporation. According to the court, because the legislature had not provided an explicit exception for such employment, the directors' fees constituted wages subject to unemployment tax. *Id.* at 392. The court therefore concluded that the ALJ did not err in affirming the tax assessment. *Id.* at 393.

On review, petitioner asserts that fees paid to directors of corporations are not "wages" under ORS 657.505,[2] because "wages," as defined by ORS 657.105,[3] are remuneration for "employment," and directors are not employees of the corporation. According to petitioner, directors are the alter ego of a corporation, are elected by and serve at the pleasure of the shareholders, not the corporation, and do not take direction from any officer or agent of the corporation. Directors, petitioner asserts, provide service *to* the corporation, not *for* the corporation, and thus are not employees of the corporation engaged in "employment."

---

[1] ORS 657.683(4) provides, in part:

"At any hearing held as provided in ORS 657.480, 657.679, 657.681 or 657.682, the determination or assessment of the director or authorized representative shall be prima facie correct and the burden shall be upon the protesting employing unit to prove that it is incorrect."

[2] ORS 657.505(2) provides:

"An employer shall be liable for taxes on all wages paid for services performed on or after the first day of a calendar quarter."

[3] ORS 657.105(1) provides:

"As used in this chapter, unless the context requires otherwise, and subject to ORS 657.115 to 657.140, 'wages' means all remuneration for employment, including the cash value, as determined by the Director of the Employment Department under the regulations of the director, of all remuneration paid in any medium other than cash."

Both the ALJ and the Court of Appeals apparently assumed that the directors were "employees" of the corporation, and therefore focused their analysis only on whether the payments to the directors were wages subject to unemployment taxation. *See, e.g.*, *Necanicum Investment Co.*, 214 Or App at 390 (listing statutes excluding certain services performed by "individuals who would not ordinarily be regarded as 'employees of [an] employer' "). However, we agree with petitioner's assertion that the first issue to be resolved in this case is "who is the master of the directors, *i.e.*, for whom are they in service."

■ We begin with the statutory definitions of "employee," "employer," and "employment," that are part of the unemployment insurance and taxation scheme. In that regard, "employee" is defined in ORS 657.015(1), which provides, in part:

> "As used in this chapter, unless the context requires otherwise, 'employee' means any person, including aliens and minors, employed for remuneration or under any contract of hire, written or oral, express or implied, by an employer subject to this chapter in an employment subject to this chapter."

"Employer," in turn, is defined in ORS 657.025(1), which provides, in part:

> "As used in this chapter, unless the context requires otherwise, 'employer' means any employing unit which employs one or more individuals in an employment subject to this chapter[.]"

Finally, "employment" is defined in ORS 657.030, which provides, in part:

> "As used in this chapter, unless the context requires otherwise, * * * 'employment' means service for an employer, including service in interstate commerce, within or outside of the United States, performed for remuneration or under any contract of hire, written or oral, express or implied."

■■ We observe at the outset that the legislature has included in each of the statutory definitions set out above the phrase "unless the context requires otherwise." That phrase

means that, in some cases, the circumstances of a case may require the application of a modified definition of the pertinent statutory terms to carry out the legislature's intent regarding the statutory scheme. However, even when that phrase is present in a statutory definition, we follow our standard interpretative methodology—beginning with the statutory text and context. As part of that textual analysis, we consider whether, in light of the factual context and the entire statutory scheme, the use of a particular statutory definition would be inappropriate because the result would conflict with one or more aspects of the legislature's intent. *See Astleford v. SAIF*, 319 Or 225, 233, 874 P2d 1329 (1994) (legislature's inclusion of phrase "except where the context otherwise requires" means that a given statutory definition does not apply when the context—including the structure and purpose of the statutory scheme as a whole—demonstrates that the use of that given definition would be inappropriate, because the result of such use would conflict with one or more aspects of the structure or purpose of the statutory scheme). Accordingly, if the directors fall within the definition of "employee," set forth in ORS 657.015, in that they are *employed for remuneration by the corporation*, the payments are subject to unemployment tax, "unless the context requires otherwise."

Because petitioner is an Oregon corporation, we first examine the statutes regulating corporations and directors to determine the legislature's definition of the nature of the relationship between directors and a corporation. Every registered corporation in Oregon is required to have a board of directors. ORS 60.301(1). ORS 60.301(2) provides, in part, that "[a]ll corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of, the board of directors[.]" Directors are elected by the corporation's shareholders, ORS 60.307, and shareholders may remove a director with or without cause unless the articles of incorporation provide otherwise. ORS 60.324. A judicial proceeding in a circuit court is the only other method by which a director may be removed. ORS 60.327. And, unless the articles of incorporation or bylaws of the corporation provide otherwise, the board of directors may fix the compensation of directors.

ORS 60.334. Significantly, ORS 60.001(13) provides that an "employee" of a corporation "includes an officer but not a director, [but that a] director may accept duties that make the director also an employee."

The legislative recognition in the corporation statutes that a director is not an employee is also present in the unemployment insurance and taxation statutes. For example, ORS 657.044 provides, in part:

"(1)   As used in this chapter, 'employment' does not include service performed for:

"(a)   A corporation by corporate officers who are directors of the corporation, who have a substantial ownership interest in the corporation and who are members of the same family if the corporation elects not to provide coverage for those individuals."

That statute establishes an unemployment tax exemption for service performed by certain corporate officers who are also directors. As written, the statute thus begins with the assumption that the remuneration of directors *qua* directors is not subject to taxation, and adds to that exemption a further exemption respecting any other (nondirectoral) service performed by a director, if the corporation so elects.[4]

---

[4] We also note that ORS 657.030, which defines "employment" as set out above, also provides, in part:

"(2)   Notwithstanding any other provisions of this chapter, 'employment' shall include service:

"(a)   Which is subject to the tax imposed by the Federal Unemployment Tax Act[.]"

In turn, the Federal Unemployment Tax Act (FUTA) defines "employee," in part, as

"(1)   any officer of a corporation; or

"(2)   any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or

"(3)   any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person[.]"

IRC § 3121(d) (2007). A treasury regulation written in accordance with that rule provides that

"Generally, an officer of a corporation is an employee of the corporation. * * * A director of a corporation in his capacity as such is not an employee of the corporation."

Treas Reg § 31.3121(d)-1(b) (1980).

Informed by the legislature's description of the relationship between directors and corporations, we conclude that on the record before us there is no employer-employee relationship between a corporation and its directors when the directors are performing the duties imposed on them by statute. Directors exercise "all corporate powers" and direct the management of a corporation's business and affairs, but directors do not take direction from any officer or agent of the corporation. Directors cannot be hired or fired by the corporation, but are elected and may be removed by the shareholders of a corporation. A corporation may decide not to provide remuneration for its directors at all; when it does provide such remuneration, that action by itself does not make a director an "employee" for purposes of the unemployment tax. To be sure, a director may also be an employee of a corporation if the director is hired to perform other services, however, a director acting only in that capacity is not an employee.

We hold that the legislature did not intend to include corporate directors, serving solely as directors, within the statutory definition of an "employee" of a corporation for purposes of the unemployment tax, because directors are not "employed by" the corporation in the same sense as other persons who perform "service for an employer * * * for remuneration." ORS 657.030.

Because petitioner's directors were not acting as employees in addition to their roles as directors, the ALJ and the Court of Appeals erred when they found that the fees that petitioner paid to the directors were wages subject to the unemployment tax.[5]

The decision of the Court of Appeals is reversed. The order of the Office of Administrative Hearings is reversed, and the case is remanded to the Employment Department for further proceedings.

---

[5] Raymond Dodge was a corporate officer as well as a director for petitioner in 2003. There is no evidence in the record that the director's fee paid to Dodge was paid for services performed in his capacity as corporate officer rather than director, and the department made no argument that the fee paid to Dodge should be treated differently than the fees paid to the other directors.