On petition for attorney fees, petitioner's statement of costs and disbursements allowed in sum of $369.24; petition for attorney fees denied December 31, 2008

## NECANICUM INVESTMENT CO.,
*Petitioner on Review,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent on Review.*

(Agency No. T70772; CA A131207; SC S055231)

200 P3d 129

Joseph D. McDonald, Smith, McDonald & Vaught, LLP, Portland, filed the petition for attorney fees.

Rolf C. Moan, Assistant Attorney General, Salem, filed the respondent's response objecting to petitioner's petition for attorney fees. With him on the response were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

DE MUNIZ, C. J.

## DE MUNIZ, C. J.

Petitioner on review, Necanicum Investment Company, successfully challenged a tax assessment by respondent Employment Department (the department). *Necanicum Investment Co. v. Employment Dept.*, 345 Or 138, 190 P3d 368 (2008). Petitioner now seeks an award of attorney fees and costs. The department objects to the attorney fee request, asserting that petitioner has not met the statutory requirements. For the reasons that follow, we agree with the department, and therefore deny petitioner's request for attorney fees. We award petitioner costs of $369.24.

We first review the facts in the underlying case. In *Necanicum*, the department determined that fees that petitioner had paid to the members of its board of directors in 2003 were subject to unemployment tax and issued a notice of tax assessment for approximately $700. 345 Or at 140. An administrative law judge (ALJ) from the Office of Administrative Hearings (OAH) upheld the assessment, and the Court of Appeals affirmed. *Necanicum Investment Co. v. Employment Dept.*, 214 Or App 385, 164 P3d 1197 (2007). On review, this court held that the legislature did not intend to include corporate directors, serving solely as directors, within the statutory definition of an "employee" of a corporation for purposes of the unemployment tax, because directors are not "employed by" the corporation in the same sense as other persons who perform, in the words of the relevant statutory definition, "service for an employer * * * for remuneration." As a result, this court reversed the decision of the Court of Appeals and the order of the OAH, and remanded the case to the department for further proceedings. *Necanicum*, 345 Or at 145.

Petitioner now seeks a discretionary attorney fee award under ORS 183.497, which provides, in part:

"(1) In a judicial proceeding * * * [like the judicial review proceeding involved here] the court:

"(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

"(b) Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust."

Petitioner brings its claim for attorney fees under ORS 183.497(1)(a) only, and does not otherwise assert that the department's actions were unreasonable. We therefore need not consider whether attorney fees should be ordered under ORS 183.497(1)(b).

ORS 183.497(1)(a) does not include any standards to guide a court's exercise of discretion in awarding fees. However, ORS 20.075(1)—the general statute governing awards of attorney fees—lists eight factors that a court must consider in deciding whether to make a discretionary attorney fee award. That statute provides:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

In analyzing petitioner's attorney fee petition, we begin with this court's decision in *McKean-Coffman v. Employment Div.*, 314 Or 645, 842 P2d 380 (1992), which interpreted ORS 183.497(1)(a), and then consider the effect of ORS 20.075, which was enacted after this court's decision in *McKean-Coffman*.

As noted above, ORS 183.497(1) provides, in part:

"In a judicial proceeding designated under subsection (2) of this section the court:

"(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner."

In *McKean-Coffman*, this court declined to award a successful petitioner attorney fees under ORS 183.497(1)(a), concluding that the Employment Division, although wrong in its application of law, nevertheless had acted reasonably:

"The Division's position in the case was wrong; but it was not unreasonable. We doubtless have wide discretion to award an attorney fee under ORS 183.497(1)(a), but we rarely will exercise it in favor of an award when an agency has acted reasonably. To do so could easily make administrative agencies timorous about pursuing reasonable positions as to what the law is or ought to be. The public interest would be ill-served in such circumstances."

*Id*. at 649-50.

However, since *McKean-Coffman* was decided, the legislature enacted ORS 20.075(1). *See* Or Laws 1995, ch 618, § 6 (enacting ORS 20.075). As noted, ORS 20.075(1) lists eight factors that a court "shall consider * * * in determining whether to award attorney fees in any case in which an award of attorney fess is authorized by statute and in which

the court has discretion to decide whether to award attorney fees[.]" By its terms, then, ORS 20.075(1) applies to the discretionary decision whether to award fees under ORS 183.497(1).

The factors listed in ORS 20.075(1) include the parties' prelitigation conduct, the objective reasonableness of the parties' claims and defenses, the extent to which a fee award would deter others from asserting good faith claims and defenses, and the extent to which a fee award would deter others from asserting meritless claims and defenses. The key consideration in this court's decision in *McKean-Coffman*— whether a party's position was objectively reasonable, and whether a fee award would deter a party from asserting a good faith defense—now appear as paragraphs (b) and (c) of ORS 20.075(1). Other factors are listed as well, so that *McKean-Coffman* is now explicitly augmented by the statute. We turn to a consideration of the record and the parties' arguments in this case in light of the factors set out in ORS 20.075(1).

 We begin our analysis by noting that petitioner's only argument in support of its petition for attorney fees is that "[t]his case involved a tax assessment against a small employer, the cost of which to defend was significant in relation to the amount wrongfully assessed." However, in *Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 343-44, 194 P3d 796 (2008), this court held that the reasonableness of the amount of fees requested in light of the recovery made was not a relevant consideration under the factors listed in ORS 20.075(1). We therefore look to the criteria listed in ORS 20.075(1) that are relevant in this case to determine whether to authorize an attorney fee award. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 95, 957 P2d 1200 (1998) (ORS 20.075 states criteria that court shall consider in determining whether to make award of attorney fees).

With regard to the factors set out in ORS 20.075(1), petitioner does not refer to any particular conduct on the department's part that we should consider, or assert that the department engaged in conduct that was reckless, willful, malicious, in bad faith, or illegal. ORS 20.075(1)(a). Although

we have determined that the department erroneously assessed the tax, petitioner does not claim that the department was objectively unreasonable in doing so. ORS 20.075(1)(b).

Next, ORS 20.075(1)(c) provides that a court shall consider "[t]he extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases." The department asserts that, if we were to grant petitioner's attorney fee petition, "the implication will be that a state agency risks attorney-fee liability in any case in which—based on efforts to construe statutes whose meaning reasonably may be disputed—it issues an order that adversely affects some individual or entity." We agree with the department that it must be able to pursue reasonable legal positions in the public interest. *Accord McKean-Coffman*, 314 Or at 649-50. In our view, that factor supports the department's contention that we should not award attorney fees in this case.

ORS 20.075(1)(e) provides that a court shall consider "[t]he objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings." This case concerned the application of a statute in a new context, and in our view involved reasonable positions on both sides.

■ Finally, petitioner is entitled to a statutory prevailing party fee of $100.00. ORS 20.190.[1] ORS 20.075(1)(g) directs a court to consider the amount of any prevailing party fee that it has awarded in deciding whether to also award attorney fees. Implicit in that factor is the proposition that awarding both attorney fees and a prevailing party fee may overcompensate a party. *See Barbara Parmenter Living Trust*, 345 Or at 346-47 (courts should consider whether awarding a prevailing party both attorney fees and an enhanced prevailing party fee under ORS 20.190(3) would

---

[1] ORS 20.190 provides, in part:

"(1) * * * a prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(a) In the Supreme Court or Court of Appeals, on an appeal, $100."

overcompensate that party). In this case, because the prevailing party fee is statutory, we regard that factor as neutral.

Based on our consideration of all of the factors discussed above, we conclude that the department assessed the tax and asserted its legal position during the subsequent litigation in good faith, and that an attorney fee award in this case could deter the department from advancing plausible, even if incorrect, statutory interpretations in future disputes with other taxpayers. We therefore deny petitioner's request for an award of attorney fees.

Petitioner's statement of costs and disbursements is allowed in the sum of $369.24. The petition for attorney fees is denied.